WELLS *et al.*, Defendants in Error, v. THOMAS, Plaintiff in Error.

1. Where one of several companies engaged in transporting goods on the line of a route between two distant points receives goods from another of those companies, and, in accordance with the usual custom in such cases and in ignorance of any special contract made with the company first receiving the goods, pays the freight and charges demanded at the point where they are so received and transports them to their place of destination: *Held*, there being no arrangement or understanding between the companies with reference to "through" transportation, that the company might retain possession of the goods until the consignee should pay its own customary charges for transportation, together with the freight and charges paid by it on its receipt of the goods, although such sum should exceed the amount for which the company that first received the goods agreed they should be transported.

*Error to St. Louis Court of Common Pleas.*

This was an action for the possession of an omnibus. The cause was tried by the court without a jury upon an agreed statement of the facts, of which the following is the substance: Plaintiffs purchased the omnibus mentioned in the petition, of the value of five hundred dollars, of John Stephenson, in New York, and instructed him to ship it to them at St. Louis, Missouri. Thereupon said Stephenson, for the plaintiffs, on the 24th of September, 1855, made a contract with the New York Central Railroad Company (being a railroad running from New York to Buffalo, in the state of New York) to deliver said omnibus to the plaintiffs at St. Louis for the sum of $49.33. The bill of lading (which was set forth in the agreed statement) was forwarded to plaintiffs at St. Louis. Stephenson delivered the omnibus to the New York Central Railroad Company to be transported to St. Louis, by which it was carried in the usual mode and time to Buffalo, and there delivered to the Michigan Central Railroad Company, which transported the same to Joliet. At Joliet the omnibus was delivered to the Chicago, Alton and St. Louis Railroad Company to be transported to St. Louis. The Chicago, Alton

and St. Louis Railroad Company received said omnibus in due course of business, without any notice of any special contract for its transportation, and paid to the Michigan Central Railroad Company the sum of seventy-two dollars, the amount of their bill for the freight on the omnibus from Buffalo to Joliet, and the charges they had paid on receiving the same. It is customary for one railroad company, when receiving goods from another railroad company to be carried forward by the former, to pay the freight and charges upon said goods and property up to the point where they are so received. Said omnibus arrived in St. Louis, and was in the possession of defendant, the agent of the Chicago, Alton and St. Louis Railroad Company. The defendant notified plaintiffs of the arrival of the omnibus and requested them to call and pay freight and charges, amounting to $102.40. The plaintiffs offered to pay $49.33, and demanded of defendant the omnibus. The defendant refused to deliver it until the freight and charges advanced to the Michigan Central Railroad Company and the freight from Joliet to St. Louis, the latter amounting at the customary rates to $30.37, should be paid. The plaintiffs refused to pay more than the amount tendered. There was nothing in the amount or character of the charges paid by the Chicago, Alton and St. Louis Railroad Company to the Michigan Central Railroad Company to excite any suspicion that the charges were unreasonable.

The court decided the cause for the plaintiffs. A motion for a review was made and overruled.

*N. D. & G. P. Strong*, for plaintiff in error.

I. The special contract was improperly permitted to bind the defendant as it was made without any authority from him or the railroad under which he claims, and said railroad received the goods and transported them without notice of any such contract.

II. By the delivery of the omnibus to the New York Central road, the plaintiffs made that road their agents, with authority to deliver to other connecting roads at the end of

its route, and so on at the termination of each route; and a delivery by each carrier in the ordinary course of business, without notice of any special contract, authorized the last carrier to whom it was delivered to pay reasonable charges and to recover them at the end of the route, together with a reasonable sum for its own service. (Story on Agency, secs. 73, 126, 127; Edwards on Bailments, secs. 449, 504, 507, 518; St. John v. Van Santvoord, 6 Hill. 157; 18 Verm. 141; Mechs. Bank v. Champlain Trans. Co. 23 Verm. 186, 209; Ackley v. Kellogg, 8 Cow. 223.)

III. A carrier has a lien for reasonable freight and charges, and may retain the goods until they are paid, even though the party to whom the charges were advanced could not have recovered them. (Edwards on Bailments, 548; Chitty on Carriers, 106; Angel on Carriers, secs. 356, 368, 384, 385, 386, 414; Sage v. Gittner, 11 Barb. 120; Bowman v. Hilton, 11 Ohio, 303; Bissell v. Price, 16 Ills. 408.)

IV. The special contract with the New York Central road, if properly in evidence, does not vary the rights of the defendant, he having advanced reasonable charges and transported the omnibus without notice of any such contract.

*S. T. & A. D. Glover,* for defendants in error.

I. The New York Central Railroad Company contracted to transport the omnibus to St. Louis. The omnibus having come into the possession of the Chicago, Alton and St. Louis Railroad Company, the law presumes that they received it as the agents of the New York Central Railroad Company, to be transported to St. Louis on account of that line, and they can not look to plaintiffs for compensation. (Fitch y. Newbury, 1 Dougl. Mich. 1; Robinson v. Baker, 5 Cush. 146; Van Buskirk v. Perrington, 2 Hall, 561; 5 Term, 604; 4 Esp. 174; 20 Wend. 275; 22 Wend. 318; Angel on Carriers, secs. 365-6.) A carrier can not acquire any better right to property than the party had from whom he received it, and he is bound to see that the true owner has parted with his control over it. He must see that the person offering the

goods for carriage has the right to do so, and he can always protect himself by requiring payment in advance. (Story on Bailm. § 586.) If one carrier has a right to receive property in transitu from another without inquiring into the ownership of it, or the agreement by which it is to be carried, he would be protected in giving it any direction. Property destined for St. Louis and given to a carrier to be delivered there, might be delivered to another and in good faith to be transported by the latter to London. A carrier is bound to take care that the person who delivers them to him has power to do so, and he must see to the character and extent of his authority. The New York Central Railroad Company bound itself to deliver the omnibus at St. Louis, and the duty to perform the contract gave them the implied right to use all necessary and proper means for that purpose; and as their road did not extend beyond the limits of the state, they had the right to employ other agents, but such agents could acquire no other right touching the property than their principals had. The agency of the New York Central Railroad Company was special and only extended to the limit of causing it to be transported to St. Louis for a certain price. (See 20 Wend. 282.)

NAPTON, Judge, delivered the opinion of the court.

Upon the case agreed our opinion is that the defendant was entitled to judgment.

We do not see how the contract made with the New York company is to bind the Alton and St. Louis Railroad Company without showing some privity between these corporations or a knowledge of the contract on the part of the Alton and St. Louis company. No such privity is shown, nor is it pretended that the companies at this end of the route were apprised of any special agreement about the freight. The cases of Fitch & Gilbert v. Newberry, 1 Dougl. Mich., and Robinson v. Baker, 5 Cush. 137, are not applicable. The Illinois Railroad Company received the omnibus in the usual

course of trade from the Michigan company, and paid the freight due at Joliet, as the Michigan company had paid what was due at Buffalo. The omnibus was transported by the route desired and directed by the plaintiffs and indicated by the bills of lading. These transportation companies received the omnibus from the New York Railroad Company, who were authorized to give it this destination. It is not the case of goods shipped on a different line from that directed by the owner or sent to points not authorized.

It is manifest that if we hold the carriers at this end of the route not entitled to their freight because of a contract made by the carriers at the eastern terminus, of which they had no knowledge, great injustice is done to the carriers here, and still greater injury inflicted upon consignees. The carriers must protect themselves by requiring freight in advance, contrary to what has been found in this case to be the established custom.

What may be the proper construction of the bill of lading forwarded to the plaintiffs here by the New York Central Railroad Company is not material to be determined. If the meaning of it be as intended by the plaintiffs, the New York company is of course responsible; but this is no reason why defendants should lose their lien. If any arrangement or understanding existed among these corporations relative to *through* transportation, the rule would be different.

Judge Scott concurring, the judgment is reversed; Judge Richardson not sitting, having been of counsel.