(Decided June 29th, 1866.)

OTTOMAN BREHME *vs.* WILLIAM B. DINSMORE AND OTHERS, TRADING AS ADAMS' EXPRESS COMPANY.

BAILMENTS: COMMON CARRIERS,—LIABILITIES OF: PRESUMPTION OF FRAUD.—O. B. sued Adams' Express Company upon a contract made by the latter, a carrier, with the plaintiff, for the transportation of a package of merchandise from the city of New York to Baltimore. The contract was evidenced by a printed receipt signed by the agent of the Express Company and delivered to the plaintiff's agent in New York, containing a stipulation that in no event "shall the holder hereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured" by the company, " and so specified in this receipt." The contents of the

package which was lost in transportation were not known to the Express Company, no statement of its value made by the plaintiff when it was received, and no special insurance made. The package contained light and costly goods of the value of $675.—Held:

1st. That the receipt constituted a special contract between the parties for the carriage of the package, binding upon both, and that the plaintiff could only recover the sum at which the package was valued in the receipt, with interest thereon.

2nd. That the right of carriers to restrict their common law liability by express contract is now too well settled to be any longer questioned.

3rd. That in the absence of evidence of any illegal conversion or fraudulent appropriation of the property by the Express Company, fraud cannot be presumed.

APPEAL from the Superior Court of Baltimore city.

This was an action by the appellant against the appellee to recover the value of merchandise lost by the latter, in forwarding the same from New York city to Baltimore.— The declaration contained three special counts in *case*, and one count in *trover*. By agreement filed, all errors of pleading were waived, and any evidence made admissible which could have been given under any special counts and pleas. The facts of the case are stated in the opinion of this Court.

The cause was argued before BARTOL, GOLDSBOROUGH, and WEISEL, J.

*Wm. A. Fisher*, for the appellant:

1st. The character of the business of the defendant constitutes it a common carrier, and subjects it to all the responsibilities of that employment. *Redfield on Railways*, 234 & 240.

2nd. That though, in the present state of the authorities, it may be too late to urge that the common carrier cannot restrict his liability by means of a special contract, yet it is apparent that the present tendency is rather to limit, than to

42    v. 25.

enlarge, his power to make special contracts, and that he must confine his restrictions within proper bounds; and the Courts seem everywhere to regret that the carrier has been suffered to narrow his common law liability. *Maving vs. Todd,* 1 *Starkie,* 72, ( 2 *Eng. C. L. Rep.,* 301.) *Atwood vs. Reliance Co.,* ( *Gibson, C. J.,*) 9 *Watts,* 87. *N. J. St. Nav. Co. vs. Merchants Bank,* 6 *Howard,* 383. *C. & A. R. R. Co. vs. Baldauf,* 16 *Penna. State,* 67. *Moses vs. Boston & Maine R. R. Co.,* 4 *Foster,* ( *N. H.,*) 84, 90. *Barney vs. Prentiss,* 4 *H. & J.,* 318. *Birney vs. Tel. Co.,* 18 *Md. Rep.,* 358.

3rd. The great weight of authority, and the plainest principles of public policy, require, that in order to suffer the carrier to narrow his liability there must be evidence of a special contract, and that a mere printed notice, even if seen by the employer, is not evidence of such a special contract. 6 *Howard,* 382, 383. *Judson vs. Western R. R. Co.,* 6 *Allen,* ( *Mass.,*) 486. *Hallister vs. Noland,* 19 *Wend.,* 234. *Cole vs. Goodwin, Id.,* 251. 1 *Parsons on Contracts, note g., Ed. of* 1857, '8, 707 & 708, and the authorities cited under the preceding point.

4th. In the present case the defendant seeks to evade liability, by proof of a notice printed upon the receipt, without offering any evidence of assent thereto on the part of the plaintiff or his agent; "if any implication is to be indulged from the delivery of the goods, it is as strong that the owner intended to insist upon the duties of the carrier, as that he assented to their qualification;" and this rule applies quite as strongly to a case in which a receipt is thrust into the hand of the employer, by the wagon driver; at the moment of receiving the goods, as to one in which the employer reads a notice placed in some conspicuous place in an express office or published in a newspaper which he reads ; the employer must have some evidence of delivery of the package to the carrier, and can obtain no receipt except with the notice printed

upon it. 6 *Howard*, 383. 1 *Parsons*, 707, 708, *note g.* *Hallister vs. Noland*, 19 *Wend.*, 247. *Western*, &c., *Co. vs. Newhall*, 24 *Ill.*, 466 to 472, *especially p.* 471. *Michigan Central R. R. Co. vs. Hale*, 6 *Mich.*, 243. *Saga. vs. Portsmouth R. R. Co.*, 31 *Maine*, 234 & 237. *Nevins vs. Bay State*, 4 *Bosw.*, 225. *F. & M. Bank vs. Champlain Co.*, 23 *Verm.*, 205. *Mer. Mut. Ins. Co. vs. Chase*, 1 *E. D. Smith*, 138.

5th. Assuming, however, that there was sufficient evidence of a special contract binding upon the plaintiff, it is confidently maintained, that in the aspect of the case disclosed by the evidence, the plaintiff was entitled to the instructions for which he asked. The defendant sought to exempt itself from liability, except for "*fraud or gross negligence*," and when the goods are lost the presumption at once arises that the loss accrued from one of the causes for which the company remained liable; the burthern is on the defendant; and when the plaintiff proves a demand, not only for the goods, but *some account of what has become* of them, and fails to obtain either, there is a legal presumption of fraud or gross negligence, and he might recover even upon the *trover* count. *Howell vs. Eq. Ins. Co.*, 16 *Md. Rep.*, 386. *Emma Johnson*, *Sprague*, 527. 16 *Pa.*, (4 *Barr.*,) 77 & 78. *Hall vs. Chaney*, 36 *N. H.*, 26. *Verner vs. Sweitzer*, 32 *Penna. State*, (8 *Casey*,) 213 & 214. *Baker vs. Brindon*, 9 *Richardson*, (*Law*,) *S. C.*, 201. *Alden vs. Pearson*, 3 *Gray*, (*Mass.*,) 343. 6 *How.* (*U. S.*,) *Daniels, J.* 423. The contract is to be interpreted by the law of the place of performance, which is that of Maryland. *Story's Confl. of Laws*, sec. 280.

6th. If the position assumed in the fourth point be correctly taken, it follows that there is evidence that the goods were lost by the "fraud or gross negligence" of the defendant. Against liability for "fraud and gross negligence," the

carrier cannot stipulate, and every reason of sound policy which prevents his escaping liability altogether in such cases, denies to him, also, the right to compel the employer to accept only $50 for what may be worth as many thousands. 31 *Maine,* 234, 237, 238. *Ashmore vs. Penna. Co.,* 4 *Dutch. N. J.,* 192. 6 *Howard,* 383. *Powell vs. Penna. R. R. Co.,* 32 *Penna. St.,* 414. *Judson vs. W. R. R. Co.,* 6 *Allen,* (*Mass.,*) 492.

7th. If the defendants intended to rely upon their restriction of value, and desired to know the contents and value of the parcel, and to have it insured, it was their duty to have inquired, and if they received the goods without inquiry they must be responsible for the true value. *C. & A. R. R. vs. Baldauf,* 16 *Penn. St.,* (4 *Barr.,*) 67. *Riley vs. Horne,* 15 *Eng. C. L. Rep.,* 422, (5 *Bingham.*) *Neveirs vs. Steamboat Co.,* 5 *Bosw.,* (*N. Y.,*) 238–9. 19 *Wend.,* 245.

8th. That the Court erred in granting the defendant's first prayer, because it took away from the jury the determination of the question, whether the plaintiff assented to the restrictions in the receipt. See cases under the preceding points.

*J. Dean Smith,* for the appellees, argued:

1st. That by this receipt or contract, it was competent for the appellees, defendants below, to limit their liability in the carriage of the goods in question. The following authorities have firmly established the right of the carrier so to restrict his common law liability. *Alleyn,* 93. 1 *Vent,* 238. *Peake N. P.,* 150. 4 *Burr,* 2301. 1 *Stark.,* 186. 3 *Taunt.,* 271. 8 *Mees. & Wels.,* 423. *Carthew R.,* 485. 5 *Barn. & Cress.,* 322. 2 *Co.,* 84. 16 *Penn.,* 67. 5 *Rawle,* 179. 6 *Watts & Ser.,* 495. 6 *How.,* 382. *Story on Bail.,* sec. 249. *Chitty on Contracts,* 490. *Pars. on Contracts,* 906, 907 *and notes.* 2 *Kent Com.,* 606. *Angel on Curr.,* sec. 59, 220, 221. *Dow vs. New Jersey Steam Nav. Co.,* 1 *Ker.,* 485. *Parsons vs.*

*Monteith*, 13 *Barb.*, 253.    *Moore vs. Evans.* 14 *Barb.*, 524.
*Stoddard vs. L. I. R. R. Co.*, 5 *Sandf.*, 180.    *Bevins vs.
Bay Steamboat Co.*, 4 *Bosw.*, 485.    *Alexander vs. Green*, 7
*Hill*, 533.

2nd. That this receipt or contract which contains the stipu-
lations,—first, that the appellees will forward the goods, and,
second,—that in the event of loss thereof, by or through
want of ordinary care, the value shall be deemed to be $50,
(fifty dollars,)—is such a contract as cannot be varied between
the parties to this suit.    It contains the terms, in full and
unambiguous language, upon which the appellees undertook
to forward said goods.    In *Dow vs. The New Jersey Steam
Navigation Company*, a paper similar to the receipt in this
case was held to be a contract binding on both parties.    The
same doctrine was held in the case in 6 *How. U. S.*, 382;
and in *New Stadt vs. Adams*, 5 *Duer;* and in 8 *Barb.*, 205.
In *Welles vs. N. Y. Central R. R. Co.*, 26 *Barb.*, 641, it was
held, that carriers of passengers could limit their common
law liability by a notice endorsed on a ticket, and the ticket
was held to be a contract.    This decision was confirmed in
10 *Smith*, 181, and the same law is laid down in 28 *Barb.*,
275; in 31 *Barb.*, 556; and in 1 *E. D. Smith*, 115.    In the
above cited case of *Dow vs. N. J. Steam Nav. Co.*, 1 *Kern.*,
485, most of the cases are discussed, and PARKER, J., says:
"The exceptions to the common law liability being made in
the bill of lading, and delivered to the agent of the plaintiff,
must be deemed to have been agreed to by the parties."
And at page 493, "to say the parties have not a right to make
their own contracts, and to limit the precise extent of their
own risks and liabilities, would be an unwarrantable restriction
upon trade and commerce, and a most palpable invasion of
personal right."    This precise question was decided in *New
Stadt vs. Adams*, reported in 4 *Duer*, 43, which case has
been followed in N. Y., by the Courts of that State in nu-

merous decisions, in cases exactly similar to the one now under consideration.

3rd. That neither the kind nor the value of the goods being known to the appellees or disclosed by the appellant at the time of shipment, and the contract expressly declaring that the appellees would not be bound, in any event, beyond fifty dollars, in case of loss, unless they were insured above that amount, and paid for accordingly, the granting the prayers of the appellant by the Court below would have enabled him to perpetrate a fraud upon the appellees; the representation being that they were below fifty dollars, and, in fact, so valued in the contract, and the freight paid being based upon such representation and valuation. If the goods were above that value he was bound to declare it and insure, and · failing to do this he should bear the loss and not the appellees.

BARTOL, J., delivered the opinion of this Court.

The appellee, defendant below, was sued upon a contract made by it, as a carrier, with the appellant for the transportation of a package of merchandise from the city of New York to Baltimore. The contract was evidenced by a printed receipt signed by the agent of the appellee and delivered to the appellant's agent in New York, containing a stipulation that in no event "shall the holder hereof demand beyond the sum of fifty dollars, at which the article forwarded is hereby valued, unless otherwise herein expressed, or unless specially insured (by the company) and so specified in this receipt." It was proved that the parcel when delivered to the appellee was enclosed in an oil-cloth wrapper, its contents were not visible and could not be known, and were not disclosed to the appellee or any statement of the value given, and no special insurance was made. The contents of the parcel were proved to be light and costly goods of the value of $675. It was admitted that the plaintiff

called on the defendant for the parcel, offering to pay freight, but has never received it, nor any account of what had become of it, and he claims in this action to recover its value.

The Court below, at the instance of the defendant, instructed the jury that the receipt constituted a special contract between the parties for the carriage of the package, binding upon both, and that the plaintiff could only recover in this suit the sum at which the package was valued in the receipt, with interest thereon. In our opinion there was no error in this ruling. The right of carriers to restrict their common law liability by express contract, is now too well settled to be any longer questioned! It is established by numerous decisions both in England and in this country, and rests upon the plainest and most obvious grounds of reason and justice. In *Dorr vs. The New Jersey Steam Navigation Company*, 1 *Kernan*, 485, Judge Parker, in a very able and satisfactory opinion, after citing numerous authorities, has laid down very clearly the reasons in support of this position, and without repeating what has been so well said in that case, we think if the question were a new one, it might safely rest upon the reasoning of Judge Parker in the case cited. See, also, Judge Nelson's opinion, 6 *How*, 382.

A question has sometimes arisen as to the effect of a notice in limiting the carriers liability; but that question does not arise here. The receipt executed by the appellee and accepted by the appellant constituted the contract between the parties; and both, upon reason and authority, they are bound by its terms. The contents and value of the parcel were not disclosed to the appellee, and it was expressly agreed that its value was fifty dollars. Like in a valued policy of insurance, to which the contract in question is analogous, the amount of risk assumed by the appellee was fixed by the agreement, and must, in case of loss, be the measure of the appellant's recovery.

The case presented by the bill of exceptions is one of the liability of the carrier for the loss of the goods. There is no evidence of any illegal conversion or fraudulent appropriation of the property by the appellee, and in the absence of proof, fraud cannot be presumed.

*Judgment affirmed.*

(Decided June 11th, 1866.)