# Geyer, Appellant, *v.* United States Express Company (No. 1).

*Common carriers—Contract—Limitation of the amount of liability—Negligence—Conflict of laws.*

1. Where a contract of a common carrier containing a stipulation limiting liability for negligence is made in one state, but with a view to its performance by transportation through or into one or more other states, the contract is to be construed in accordance with the law of the state where an injury, arising from negligence, occurs.

2. Where a shipping contract for a horse executed in Ohio, limits the liability of the carrier to an amount stated, and the horse is killed in the state of West Virginia, through the negligence of the carrier, which was not gross, wanton or willful, the contract will be construed in accordance with the law of West Virginia, where such a limitation is valid provided the negligence which causes the loss be not gross, wanton or willful.

3. A common carrier cannot be charged with gross, wanton or willful negligence in transporting a horse in a car the door of which was insecurely fastened, where it appears that the agent of the carrier endeavored to make the door secure by driving three twenty penny nails about halfway into it and bending them over, and that he did this in the presence of the owner of the horse, without objection on the latter's part to this method of fastening.

4. Where a carrier schedules a minimum rate for horses not exceeding $100 in value, and a shipper values a horse at $100, and the rate of transportation is fixed accordingly, the carrier cannot after the horse has been lost, and the shipper has sued for an amount in excess of that stated in the contract, claim that the shipper was not entitled to recover anything because of his undervaluation of the horse. In such a case the courts will construe the liability of the carrier according to the agreed value of the property.

Argued Dec. 7, 1911. Appeal, No. 198, Oct. T., 1911, by defendant, from judgment of C. P. Montgomery Co., June T., 1910, No. 133, on verdict for plaintiff in case of Horace M. Geyer v. United States Express Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover the value of a horse. Before WEAND, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $100. Defendant appealed.

*Error assigned* by plaintiff was in directing the jury to render a verdict for plaintiff for $100 only.

*Error assigned* by defendant was in refusing binding instructions for defendant.

*Edwin S. Nyce,* for appellant.—The place of execution governed: Forepaugh v. R. R. Co., 128 Pa. 217; Trexler v. R. R. Co., 28 Pa. Superior Ct. 207.

The act of congress known as the interstate commerce law, does not control the law of Pennsylvania in this regard: Wright v. Adams Express Co., 43 Pa. Superior Ct. 40.

There was no gross negligence: Zouch v. Ry. Co., 36 W. Va. 524 (15 S. E. Repr. 185); B. & O. R. R. Co. v. Hubbard, 72 Ohio, 302 (74 N. E. Repr. 214); Trexler v. R. R. Co., 28 Pa. Superior Ct. 207.

*Evans & Dettra* and *James F. Campbell,* for appellee.— There is no question, and it is conceded by the other side in its argument, that if the law of Ohio applies, the limitation set forth in the contract is valid: B. & O. R. R. Co. v. Hubbard, 72 Ohio, 302 (74 N. E. Repr. 214).

A written contract for carriage of property is to be interpreted according to the law of the place in which the contract is made: Fairchild v. P. W. & B. R. R. Co., 148 Pa. 527; Forepaugh v. D., L. & W. R. R. Co., 128 Pa. 217.

The contract of shipment is vitiated by the fraud of the plaintiff in declaring a false value and thus obtaining the transportation of the horse or horses at less than the legal rate, in violation of the act of congress: Wright v. Adams Express Co., 43 Pa. Superior Ct. 40.

OPINION BY HENDERSON, J., July 18, 1912:

Each of the parties took an appeal from the judgment of the court below and these appeals were heard together in this court. We will, therefore, consider the respective contentions of the parties and dispose of them in one opinion. The plaintiff entered into a contract with the defendant for the transportation by the latter of a carload of horses from Athens, Ohio, to Hatfield, Pa. The contract was what is known as a "Limited Liability Live Stock Contract" which contained a tariff of charges proportioned to the value of the animals to be transported as declared by the shipper. A minimum rate for horses not exceeding $100 in value was given, with an ascending scale for animals the value of which was declared by the shipper to exceed $100. The horses shipped by the plaintiff were valued by him in the contract at $100 each and the rate of transportation fixed accordingly. One of the horses fell from the car in the state of West Virginia because of the defective condition of the car. This action was brought to recover the price of the horse which the plaintiff claimed would have been $250 or $300 at Hatfield. The court directed a verdict for the plaintiff for $100, the value of the horse as declared by the plaintiff at the point of shipment. It appearing in the case that the loss occurred in West Virginia the learned trial judge was of the opinion that whether the liability of the defendant arose in Ohio or in West Virginia the limitation of liability in the shipping contract was binding on the plaintiff, as the liability of the defendant was to be determined either according to the law of Ohio or of West Virginia. It is not disputed that by the law of Ohio such limited liability contract is sustained and the same is true of the law of West Virginia even though the loss may be the result of negligence on the part of the carrier, provided the negligence be not gross, wanton or willful: Zouch v. Chesapeake & Ohio Ry. Co., 36 W. Va. 524; Bosley v. Baltimore & Ohio R. R. Co., 54 W. Va. 563. The negligent breach of the contract having occurred in West

Virginia the trial court was not in error in holding that the plaintiff's right was to be determined according to the law of that state. It was held in Hughes v. Penna. R. R. Co., 202 Pa. 222, that where a contract containing a stipulation limiting liability for negligence is made in one state but with a view to its performance by transportation through or into one or more other states the contract is to be construed in accordance with the law of the state where an injury, arising from negligence, occurs. Trexler v. B. & O. R. R. Co., 28 Pa. Superior Ct. 207, followed this case. Unless, therefore, it appeared in the case that there was gross, wanton or willful negligence on the part of the defendant, the amount of the judgment was all that the plaintiff was entitled to recover, and we agree with the learned trial judge that there was no evidence of negligence of this character. Something more is meant by these qualifying terms than the failure to exercise extraordinary care. There is no pretense that the plaintiff's loss resulted from wanton and willful neglect, and the gross negligence which would exclude the defendant from the protection of the contract is that want of care which the most inattentive and thoughtless men take of their own concerns: First Nat. Bank v. Graham, 79 Pa. 106; First Nat. Bank v. Rex, 89 Pa. 308; Trexler v. B. & O. R. R. Co., 28 Pa. Super. Ct. 207. The particular complaint as to negligence was that a door of the car in which the horses were placed was insecurely fastened and that the plan adopted by the agent to hold it was inadequate. The plaintiff's own evidence on the subject was as follows: "Q. And when you last saw it before you loaded your horses in what was the condition of the door then? A. The door was put in. It fit in all right in its place, and the agent took two or three twenty penny nails and drove them in about halfway and bent them over. Q. Was that sufficient to hold the door? A. I don't know. I suppose he thought so or he wouldn't have done it." The plaintiff observed what was done and made no objection to the method of fasten-

ing the door. It is manifest that the injury resulted from the mistaken judgment of the agent, but that he endeavored to make the car safe is not disputed in the evidence. Such act has none of the qualities of gross negligence or willful and wanton misconduct. There was an exercise of care although, as the result shows, it was insufficient. It is the law of this state as declared in Hughes v. R. R. Co., 202 Pa. 222, that a contract containing a limitation of liability made in a state where it is valid will be enforced in this state where the injury occurs in the course of transportation through a state where such a contract is not contrary to public policy. This was a restatement of the doctrine set forth in Forepaugh v. Del., etc., R. R. Co., 128 Pa. 217; and the same rule was applied in Trexler v. B. & O. R. R. Co., 28 Pa. Super. Ct. 207. The plaintiff, having fixed the value of the property and therefore the basis of charge for transportation, cannot take advantage of the contract where it is beneficial to him and repudiate it where it works to his disadvantage. Having asserted a value of his property and the charges for transportation having been fixed with reference thereto he is now estopped from asserting a different value.

The defendant admits its liability by the terms of the contract but contends that the plaintiff is not entitled to recover anything because of the fact that there was an undervaluation of the horse, by means of which a lower charge for transportation was obtained than if the true value had been given, in violation of the Interstate Commerce Act. It is not shown or alleged, however, that the plaintiff obtained or intended to obtain a preference or advantage over other shippers or that he acquired a special rate. According to the classified schedule all horses are rated at a value of $100 unless a greater valuation is fixed by the owner, and contracts of this character have been sustained in numerous cases where not forbidden by considerations of public policy, as in Pennsylvania in the case of negligence. Compensation for carriage is based on value, and for the purpose of transportation

the thing carried has no greater value as between the parties to the contract than that fixed by them.   All shippers have the opportunity to name the same value. For the purpose of determining the freight bill and the measure of the responsibility of the carrier the valuation is conclusive between the parties.   The case of Hart v. Penna. R. R. Co., 112 U. S. 331, presents the reasoning of Mr. Justice BLATCHFORD on that subject.   A case from this state which was appealed to the United States supreme court, Penna. R. R. Co. v. Hughes, 191 U. S. 477, sustained a recovery of an amount in excess of that stated in the shipping receipt in an action for negligence where the contract was substantially the same as that in the case before us.   The case of Greenwald et al. v. Barrett, 199 N. Y. 170, is to the same effect.   This view is also expressed in Travis v. Wells, Fargo & Co., 74 Atl. Repr. 444, by the supreme court of New Jersey and by the supreme court of Massachusetts in Bernard v. Adams Express Co., 91 N. E. Repr. 325.   A contrary conclusion was reached by the supreme court of Illinois in Ellison v. Adams Express Co., 92 N. E. Repr. 277, but in the light of the decisions above referred to we think the liability of the defendant should be enforced as to the agreed value of the property.   This valuation was substantial, was understood by the parties, the character of the property was well known and there does not appear to have been any misrepresentation or misapprehension in regard to the subject of the contract.

The judgment is, therefore, affirmed.