Louis BITTNER, Appellant,

v.

Vera Mary LITTLE and Harry Little.

No. 12824.

United States Court of Appeals
Third Circuit.

Argued May 7, 1959.

Decided Sept. 16, 1959.

Robert A. Detweiler, Philadelphia, Pa. (Morris H. Beer, New York City, on the brief), for appellant.

Edward C. German, Philadelphia, Pa. (James M. Marsh, LaBrum & Doak, Philadelphia, Pa., on the brief), Counsel for Appellees.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

This is an appeal by the plaintiff from the Order of the District Court for the Eastern District of Pennsylvania dismissing with prejudice plaintiff's personal injury action against defendants arising out of an automobile accident in Bowling Green, Virginia, in 1956. Plaintiff is a citizen and resident of New York; defendants are citizens and residents of Pennsylvania. Plaintiff's automobile was first hit by another operated by Luther L. Waring, a citizen and resident of New York, who was killed in the collision, and then by the defendants' car.

Plaintiff filed an action in the New York state courts against the administratrix of Waring's estate which he settled for $9,-000. In making the settlement plaintiff gave the administratrix a "General Release" which expressly reserved and excepted from its terms "any and all claims and causes of action" which he might have against the defendants. The District Court dismissed plaintiff's action on the ground that under Virginia law " * * * a release of one joint tortfeasor operates to release all joint tortfeasors, regardless of the fact that the release may specifically reserve all rights of action by the releasor against those joint tortfeasors not parties to the release". Bittner v. Little, D.C.E.D.Pa.1953, 168 F.Supp. 30, 31, 32. In doing so, the District Court held that "The determination of extent of liability questions is referred by Pennsylvania courts to the law of the place of the wrong" and " * * * Pennsylvania appellate courts would refer to the law of the place of the wrong to determine the effect of a release arising out of such wrong on the defendant's liability."

On this appeal plaintiff contends (1) the "General Release" is simply a covenant not to sue and under settled New York law it did not operate as a release of defendants; (2) scope of the "General Release" is governed by New York law, and (3) there was no tortfeasor relationship between the administratrix and the defendants.

■ This case is in Federal Court solely by reason of diversity. The Federal Court takes its applicable rule of law from the state courts of the District in which it sits and this, of course, includes their conflict of laws references to laws of other states where they are relevant. Accordingly, the District Court was constrained, as we are, to apply the conflict of laws rule of Pennsylvania.[1]

■ In a case involving a tort in another state Pennsylvania follows the gen-

1. Klaxon Co. v. Stentor Elec. Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Thomas Gray v. Joseph J. Brunetti Const. Co., Inc., 3 Cir., 1959, 266 F.2d 809, 814.

eral rule of reference to the place of wrong for the legal effect to be given the facts and events. In Rennekamp v. Blair, 1954, 375 Pa. 620, at page 621, 101 A.2d 669, at page 670 the Supreme Court of Pennsylvania said:

"The substantive rights of the parties are to be governed by the lex loci delicti * * *."

Earlier, in Foley v. Pittsburgh-Des Moines Co., 1949, 363 Pa. 1, at page 9, 68 A.2d 517, at page 521, the same court had said:

"The law of the place where the injury was sustained—the lex loci delicti—determines whether a right of action exists: * * *"[2]

The Pennsylvania courts have not dealt with the specific issue here presented as to what law governs the effect of a release, viz., the law of the state where the tort involved in the release occurred, or the law of the state where the release was executed.

It thus becomes incumbent on us to make our own determination of what the Pennsylvania Supreme Court would probably rule in a similar case.[3]

The general rule is "A liability to pay damages for a tort can be discharged or modified by the law of the state which created it."[4] Otherwise stated, "The reciprocal rights and duties of the parties and the defenses that may be invoked to escape liability for a breach of duty are governed by the laws of the place where the tort occurred, rather than the law of the forum."[5] "The validity of a release as a defense in an action in tort is governed by the law of the place of injury."[6]

In discussing the general rule as to the construction of releases in tort cases, Judge (now Mr. Justice) Whitaker, stated, in Western Newspaper Union v. Woodward, D.C.W.D.Mo.1955, 133 F. Supp. 17, at page 23:

"The first question then is: What law governs, first, the tort, and, second the contract of release? Inasmuch as the claimed bar of this action rests entirely upon the release, it would not be necessary presently to determine what law governs the tort were it not for the fact that the cases hold that a contract of release, absent, as here, express designation of other laws to control it, is presumed to have been made in contemplation of, and, hence, to be governed by, the laws of the state that created or gave rise to the right thereby released, but because of that fact it is necessary to determine what law governs the tort, and so doing will also determine the law that governs the contract of release."

Of interest is the decision of an intermediate appellate court in Pennsylvania in Taylor v. Adams Express Co., 1913, 52 Pa.Super. 449, 452, in a "case stated in trespass" for loss of furs in New York that had been shipped there from Philadelphia. The contract of shipment, entered into in Philadelphia, contained a stipulation of limitation of the amount of liability which was valid under New York law but invalid under Pennsylvania law. The Pennsylvania Superior Court held that the contract was to be construed in accordance with the law of New York

2. Tomao v. A. P. De Sanno & Son, 3 Cir., 1954, 209 F.2d 544, 545; Diesbourg v. Hazel-Atlas Glass Co., 3 Cir., 1949, 176 F.2d 410, 411; Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 1948, 166 F.2d 908, 910, certiorari denied 334 U.S. 846, 68 S.Ct. 1516, 92 L.Ed. 1770. See also Restatement, Conflict of Laws, Pa.Annot. § 379 (1936).

3. King v. Order of United Commercial Travelers of America, 1948, 333 U.S. 153, 161, 68 S.Ct. 488, 92 L.Ed. 608; Davis v. Smith, 3 Cir., 1958, 253 F.2d 286.

4. Restatement, Conflict of Laws, § 389. Pennsylvania is in accord. Restatement, Conflict of Laws, Pa.Annot. § 389.

5. Wharton, Conflict of Laws (3rd ed.) § 475(b).

6. 76 C.J.S. Release § 39. See also Goodrich "Foreign and Local Fancies", 25 Virginia Law Review 26 (1938); Minor on Conflicts, § 197, page 485; Story on Conflict of Laws 775 and 2 Beale on Conflicts, §§ 388.1, 389.1, pages 1302, 1303.

where the loss, which was the basis of the suit, occurred.[7]

While, as earlier stated, Pennsylvania law is silent on the issue here presented, its Supreme Court has held that the effect of a release executed in Indiana upon a judgment entered in an action in assumpsit for goods sold and delivered in Pennsylvania is to be construed in accordance with the law of Pennsylvania and not that of Indiana.[8]

In view of the foregoing Pennsylvania cases, its subscription to the general rule that the substantive rights of the parties are to be governed by the law of the place where the injury was sustained, and its settled rule that with respect to tort actions in its confines a release of one of two joint tortfeasors releases the other, we are of the opinion that in the application of its conflict of laws rule it would hold that the effect of the release in the instant case is to be governed by the law of Virginia where the accident occurred.

It is well settled in Virginia that " * * * the release of one joint tortfeasor releases the others jointly liable for the same wrong or injury * * *." First & Merchants Nat. Bank of Richmond v. Bank of Waverly, 1938, 170 Va. 496, 197 S.E. 462, 464, 465, 116 A.L.R. 1156. In Shortt v. Hudson Supply & Equipment Co., 1950, 191 Va. 306, 60 S.E. 2d 900, at page 903, the Court said:

"In Virginia, we have adhered to the strict common-law view of the effect of an accord and satisfaction with, and the release of, one joint tort-feasor as affecting the rights and liabilities of others liable for the same injury".

and at page 904 of 60 S.E.2d:

" * * * The plaintiff, having effected an accord and satisfaction with one tort-feasor, his claim against the others responsible for his injuries was discharged, notwithstanding his attempted reservation of the right to sue the latter. The satisfaction of the claim by the wrongdoer, and not the form of the instrument executed by the plaintiff, extinguished the claim of the latter." [9]

There remains for disposition plaintiff's contention that there was no joint tortfeasor relationship between the administratrix and the defendants here, so as to make operative the Virginia rule. The contention is without basis. An injured party is entitled to only one satisfaction for any one injury.

In Harris v. City of Roanoke, 1942, 179 Va. 1, 18 S.E.2d 303, the Supreme Court of Virginia, specifically rejected a contention that the release was of one who was not a joint tortfeasor with the real wrongdoer and that accordingly its effect did not extend to the release of the actual wrongdoer.[10]

For the reasons stated the Order of the District Court will be affirmed.

7. To the same effect see Hughes v. Pennsylvania Railroad Co., 1902, 202 Pa. 222, 51 A. 990, 63 L.R.A. 513, affirmed sub nom. Pennsylvania Railroad Co. v. Hughes, 1903, 191 U.S. 477, 24 S.Ct. 132, 48 L.Ed. 268.

8. Greenwald v. Kaster, 1878, 86 Pa. 45.

9. See also Preine v. Freeman, D.C.E.D.Va. 1953, 112 F.Supp. 257.

10. "Where payment in full is made by a stranger who is not connected with the tort at all, there are many cases which hold that it does not discharge the plaintiff's claim against the tortfeasor even though it has been agreed that it shall do so—and thus in effect permit double compensation. *The weight of authority is now definitely to the contrary.*" Prosser on Torts, § 46, p. 242 (2nd ed.) (emphasis supplied).