# Richmond

ANNE BLAND V. WARWICKSHIRE CORPORATION AND VIRGINIA
PUBLIC SERVICE COMPANY.

March 30, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Browning and
Chinn, JJ.

The opinion states the case.

*Preston P. Taylor* and *A. L. Bivins,* for the plaintiff in
error.

*J. Winston Read, E. M. Braxton* and *John Weymouth,* for
the defendants in error.

EPES, J., delivered the opinion of the court.

This is an action instituted by notice of motion for judg-
ment by Anne Bland against the Warwickshire Corpora-

tion and Virginia Public Service Company to recover $40,-
000 for personal injuries which she received in an auto-
mobile accident which she claims was caused by their
negligence.

The material allegations of her notice are as follows:

That part of the State highway from Newport News to
Richmond which is here involved lies north of the right of
way on which are the street car tracks of the Virginia
Public Service Company. Hilton Village lies just north of
this State highway. Opposite it, on the south side of the
right of way of the Virginia Public Service Company, is a
tract of land owned by the Warwickshire Corporation. This
tract of land had been subdivided into streets, blocks and
lots by the Warwickshire Corporation and offered by it for
sale to the public. To connect the streets of this subdivision
with the State highway and the streets of Hilton Village,
the Warwickshire Corporation had constructed an exten-
sion of the street or roadway between its blocks "G" and
"I" across the right of way of the Virginia Public Service
Company to the State highway. Between 9 and 10 p. m.
on December 1, 1930, the plaintiff was riding as a passen-
ger in an automobile driven by John A. Spanogle along
this roadway. They were going north from the subdivison
of the Warwickshire Corporation to the State highway,
"he having driven on the aforesaid roadway as an invitee."
While he "was carefully driving" along this roadway, and
"when a point had been reached * * * where the same
intersects the main highway * * * between Newport News
* * * and Richmond, * * * the automobile * * * rolled into
a ditch which * * * ran along side of the tracks and on
the right of way of the Virginia Public Service Company,
which ditch was not protected by a barricade or any signal
of any kind to warn an invitee that a ditch was there."
The result was that the plaintiff suffered the loss of the
vision of her left eye, and other injuries to her person.

Pursuant to the statute, section 6236 of the Code, the
defendants filed certain interrogatories and called upon the

plaintiff to answer same under oath. Among these inter-rogatories were the following:

"1. Has the plaintiff in this case received satisfaction in whole or part, or any consideration whatsoever in money or otherwise, from John Spanogle for or on account of the injuries complained of in her notice of motion?

\* \* \* \* \* \* \* \* \*

"4. Have you executed a release to any person, firm or corporation in satisfaction in whole or part of your claim for damages growing out of injuries received as set out in your notice of motion? If so, give the name of the party to whom such release was executed and file with your answer the original or copy of such release."

Without answering these interrogatories under oath, as required by the statute, the plaintiff produced and filed a release in the following words and figures:

"Release for partial compensation for injuries received.

"Know all men by these presents, That I, Anne Bland, of the city of Newport News, Virginia, for the sole considera-tion of twenty-five hundred ($2,500.00) dollars, to me in hand paid by John A. Spanogle, at present of the city of Hampton, Virginia, the receipt whereof is hereby acknowl-edged, have released and discharged, and by these presents do for myself, my heirs, executors, administrators, and as-signs release and forever discharge only the said John A. Spanogle of and from all claims, demands, damages, ac-tions, causes of action, or suits at law or in equity, of what-soever kind and nature, for or because of any matter or thing done, omitted or suffered to be done by the said John A. Spanogle prior to and including the date hereof, and particularly on account of any injuries both to person or property resulting or to result, from an accident which occurred on or about the 1st day of December, 1930, at a point one block south of Hilton Village, Virginia, on or near Newport News-Lee Hall highway.

"It is mutually agreed and understood that the afore-mentioned consideration is not offered and/or received as

full satisfaction for the injuries and damages sustained by the undersigned on account of and by virtue of the aforesaid accident, and this release does not discharge any claims or demands which the undersigned may have against any other person, persons, firm or corporation by reason of the injuries and damages sustained by the undersigned on account of the aforesaid accident.

"As a further consideration of the payment to the undersigned of the aforementioned sum of $2,500.00, I, the undersigned, further agree to subrogate, and by these presents doth subrogate, the said John A. Spanogle, to the extent of the sum of $2,500.00, to all claims, actions or causes of action, which I, the undersigned, may have against any other person, persons, firm or corporation, by reason of injuries and damages sustained by the undersigned on account of the aforesaid accident, and I hereby authorize and empower the said John A. Spanogle, his heirs or assigns to collect, compromise or sue in his own name for the amount of damages sustained as aforesaid. Or if I, the undersigned, elect to make claim or sue any other person, persons, firm or corporation for injuries and damages received and sustained by me on account of the aforesaid accident, I hereby assign and transfer over unto the said John A. Spanogle, his heirs, or assigns, such an interest in said claim or suit as will be sufficient to reimburse the said John A. Spanogle for the aforesaid sum of $2,500.00 with interest from this date.

"Should the said John A. Spanogle be called upon for contribution as a joint tort-feasor, I, the undersigned hereby agree to indemnify the said John A. Spanogle, his heirs or assigns, to the extent of any amount not in excess of $2,500.-00, that the said John A. Spanogle, his heirs or assigns, shall be called upon to pay as a joint tort-feasor in connection with the aforesaid accident.

"Witness my signature at Newport News, Virginia, this the 30th day of December, 1930.

"ANNE BLAND.

"Witness:
"C. E. MINNINGERODE,
"PRESTON P. TAYLOR."

When this release was filed the defendants filed pleas of the general issue and special pleas.

The special plea filed by the Warwickshire Corporation alleged that the negligence of John A. Spanogle was the proximate cause of the injuries sustained by the plaintiff. The plea of the Virginia Public Service Company alleged that Spanogle and the plaintiff ignored and disregarded the ample and sufficient warnings to any and all persons, whether invitees, licensees or trespassers, of whatever dangers there might be present, and drove the automobile in which they were riding over the tracks of the said defendant and into the ditch beyond said tracks, causing the injuries complained of.

The pleas of both defendants then set up the release from plaintiff to Spanogle, and pleaded that it operated to release and discharge them, and all others, who might be jointly responsible with Spanogle for the injury.

The plaintiff moved to strike out both of the special pleas on the ground that the matters and things therein set out constituted no defense to her action. The court overruled this motion. Thereupon, by agreement of the attorneys for the respective parties, a jury was waived and all matters of law and fact arising under the special pleas were submitted to the court, and the plaintiff admitted the facts set out in the pleas. The court, being of opinion that the release executed by the said Anne Bland to John A. Spanogle operated also to release these defendants, entered judgment for the defendants.

The sole question presented for consideration here is whether an absolute release *not under seal* of one joint tort-feasor, which contains a reservation of the rights of the injured party against the other joint tort-feasors, operates as a release of all the joint tort-feasors. In *Ruble* v. *Turner,* 2 Hen. & M. (12 Va.) 38, this question was authoritatively

answered in the affirmative; and the holding of this case from that time to the present has been accepted as the settled doctrine in Virginia. See *Wilkes* v. *Jackson,* 2 Hen. & M. (12 Va.) 355; *Wells* v. *Jackson,* 3 Munf. (17 Va.) 458, 459; *Brown's Adm'r* v. *Johnson,* 13 Gratt. (54 Va.) 644; *Petticolas* v. *City of Richmond,* 95 Va. 456, 28 S. E. 566, 64 Am. St. Rep. 811. See, also, *McBride* v. *Scott,* 132 Mich. 176, 93 N. W. 243, 61 L. R. A. 445, 102 Am. St. Rep. 416, 1 Ann. Cas. 61.

There is much conflict of authority on this point in other States (see note, 50 A. L. R. 1057; Cooley on Torts [Students' Ed.] section 43; 6 Thompson on Neg. section 7381; Burks' Pl. & Pr. [2 ed.] p. 6) ; but after a careful review of the question the court is of opinion that the doctrine laid down in *Ruble* v. *Turner, supra,* should be adhered to. There are some minor differences between the language of the release here under consideration and that of the release which was under consideration in *Ruble* v. *Turner,* but we think that they are not such differences as take this case out of the rule established by that case.

We find no error in the judgment of the trial court, and it is affirmed.

*Affirmed.*