## Richmond

### MARY L. HARRIS v. CITY OF ROANOKE.

January 19, 1942.

Record No. 2463.

Present, All the Justices.

The opinion states the case.

*Palmer & Palmer*, for the plaintiff in error.

*C. E. Hunter*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

Mary L. Harris, the plaintiff in error, was the plaintiff in the trial court, and the city of Roanoke, the defendant in error, was the defendant there. In their relation in that court they will subsequently be referred to.

The plaintiff on the 20th day of September, 1939, while walking with her husband on the sidewalk at the corner of two intersecting streets in the city of Roanoke, in the daytime, in stepping from the sidewalk to the street, which she intended to cross, stepped upon a substance, apparently dry, but which was soft and slippery underneath, and fell, breaking a bone in her leg and spraining the ligaments in her ankle, from which injuries she suffered painfully. Her leg had to remain in a plaster cast for a considerable length of time and she was treated by physicians for some months.

At the time some work was being done on a business building which was under a lease from the owners. The repairs were being made by a contracting firm, Eubank & Caldwell, Inc. During the progress of this work it became necessary to secure a foundation for a cement pillar. In excavating for this purpose a city pipe was found broken and leaking, making a muck which had to be disposed of. The contractors stopped work and notified the city of this condition with the request that it be attended to at once. In removing this muck, or slippery substance, a portion of it

was allowed to flow out into the street, which caused the condition which resulted in the plaintiff's fall. The contractor claimed that it was occasioned through the fault of the city which in turn attributed it to the neglect of the contractor. The substance, having been exposed for some twelve hours to the air, had become dry and hard on top but was soft and slippery underneath.

The plaintiff notified the contractor, the owners of the building, the lessees and the city, of the result of the accident and demanded compensation for her injuries.

We shall notice but one issue in the case because, in our opinion, its determination is conclusive.

Before the case came to trial the plaintiff settled with all of the parties except the city and she executed to them a release which is in the following words and figures, to-wit:

"RELEASE AND SETTLEMENT OF CLAIM

"KNOW ALL MEN BY THESE PRESENTS, That we, J. A. Harris and Mary Lennis Harris, husband and wife, residing at 713 Dale Ave. S. E. in the City of Roanoke and County of Roanoke and Commonwealth of Virginia being of full age, for the sole consideration of ($135.00) One hundred thirty-five and no-100 Dollars to us paid by Eubank and Caldwell, Inc., a company duly established by law, and J. W. Poindexter and Lynn Hammond, individuals, and Woods-Nickels Grocery Co., the receipt whereof is hereby acknowledged, do hereby release, acquit and discharge the said Eubank and Caldwell, Inc., and J. W. Poindexter and Lynn Hammond, individuals, and Woods-Nickels Grocery Company from all claims and demands, actions and causes of action, damages, cost, loss of service, expenses and compensation on account of, or in any way growing out of personal injuries and property damages resulting or to result from accident that occurred on or about the 20th day of September, 1939, at or near the southwest corner of Church and Randolph Streets, Roanoke, Virginia by reason of said

Mary Lennis Harris falling at said intersection, and do hereby for ourselves, our heirs, executors and administrators, covenant with said Eubank and Caldwell, Inc., and J. W. Poindexter and Lynn Hammond, Individuals, and Woods-Nickels Grocery Company to indemnify and save harmless the said Eubank and Caldwell, Inc., and J. W. Poindexter and Lynn Hammond, individuals, and Woods-Nickels Grocery Company from all claims and demands for damages, costs, loss of service, expenses, or compensation on account of, or in any way growing out of said accident or its results, both to person or property.

"It is further agreed that this release expresses a full and complete SETTLEMENT of a liability claimed and denied and, regardless of the adequacy of the compensation is intended to avoid litigation, and as to said parties that there is absolutely no agreement on the part of said Eubank and Caldwell, Inc., and J. W. Poindexter, and Lynn Hammond, individuals, and Woods-Nickels Grocery Company to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.

"WITNESS our hand and seal this twenty-second day of December in the year nineteen hundred and thirty-nine.

in the presence of                      I *hav red* this release

    J. E. PALMER                     J. A. HARRIS.

Counsel for J. A. Harris &          I have *red* this release

Mary Lennis Harris         MARY LENNIS HARRIS."

The city, declining to make any settlement, was sued. It denied that it was negligent and it alleged contributory negligence upon the part of the plaintiff, but its chief defense was that the plaintiff had accepted and received money in full satisfaction and discharge of all claims and demands growing out of the accident and that the release of one joint tort

feasor was a release of all of them; that she had received compensation for the injuries she had sustained and that was the end of it. To receive remuneration twice for the same injuries would be violative of both law and good morals.

Evidence was had and the jury was fully instructed and it returned a verdict for the plaintiff for damages in the sum of $300.00. Upon motion the court set aside the verdict and entered judgment for the defendant. It held, among other things, that the release barred the plaintiff from recovery because it involved the same tort which was the subject of this action.

The plaintiff's attorney, with earnestness and ability, rejoined that the release was of one who was not a joint tort feasor with the real wrongdoer, and that the verdict of the jury established this fact, and that, therefore, its effect did not extend to the release of the actual wrongdoer.

There is respectable authority for this position, but we are not impressed with its application or soundness in this case. The general joint tort feasor doctrine has been firmly established in Virginia from the early case of *Ruble* v. *Turner*, 2 Hen. & M. (12 Va.) 38 to the recent case of *First & Merchants Nat. Bank of Richmond* v. *Bank of Waverly*, 170 Va. 496, 197 S. E. 462, 116 A. L. R. 1156. An important case involving this doctrine is that of *Bland* v. *Warwickshire Corporation*, 160 Va. 131, 168 S. E. 443.

A fair construction of the release quoted impels the conviction that the settlement made by the plaintiff covered all claims which she had for damages growing out of and resulting from the accident. She says so in so many words. This position is entirely inconsistent with that which she takes in her suit against the defendant.

The doctrine of estoppel by conduct may be effectively invoked against her. One is estopped from denying what by one's conduct one has induced others to act upon as true. The Virginia cases are legion which establish this fact.

It would be highly inequitable for the plaintiff to be heard to assert that the contracting firm and the city were not joint

tort feasors when her position, in view of the release, has been just the opposite.

The judgment of the trial court was plainly right and it is, therefore,

*Affirmed.*