# Staunton

RAYMOND P. SHORTT v. HUDSON SUPPLY AND EQUIPMENT
COMPANY, A CORPORATION, AND JIMMIE MORGAN,
ADMINISTRATOR OF THE ESTATE OF
NATUS MORGAN, DECEASED.

September 6, 1950.

Record No. 3673.

Present, Hudgins, C. J., and Eggleston, Buchanan and Miller, JJ.

The opinion states the case.

*Fielding L. Wilson* and *H. H. Watson,* for the plaintiff in error.

*Robert Lewis Young, John G. May, Jr.,* and *Charles H. Wilson,* for the defendants in error.

EGGLESTON, J., delivered the opinion of the court.

Raymond P. Shortt filed his notice of motion for judgment in the court below against Hudson Supply and Equipment Company, a corporation, and Jimmie Morgan, administrator of the estate of Natus Morgan, deceased, seeking to recover $15,000 damages for injuries sustained on August 16, 1947, as the result of a collision at a grade crossing near Wellville, in Nottoway county, between a passenger train operated by the Norfolk and Western Railway Company, on which the plaintiff, Shortt, was employed as a fireman, and a tractor and trailer owned by Hudson Supply and Equipment Company and operated by its employee, Natus Morgan.

The notice alleged that the collision was proximately

due to the negligence of Morgan, the driver of the tractor and trailer, in driving over the crossing in front of the engine, and that as the result of the collision the cargo of gasoline which was being carried on the tractor and trailer caught on fire, severely burning and injuring the plaintiff.

The defendants filed a special plea in bar, alleging that after the collision and before the commencement of the present action, namely on July 1, 1948, "the said plaintiff by his certain writing of release or covenant not to sue, signed with his hand and sealed with his seal, and now to the court shown, the day of execution thereof being the day, month and year aforesaid, did compromise his alleged claim in the notice of motion for judgment herein mentioned and in full satisfaction thereof did accept from the Norfolk and Western Railway Company the sum of Thirty-Five Hundred ($3,500.00) Dollars and in consideration thereof did release the said Norfolk and Western Railway Company and covenant not to sue the said Norfolk and Western Railway Company on account of the aforesaid alleged claim."

The plaintiff filed a motion to strike the plea and a replication thereto. By consent of the parties the matter was heard by the trial court without a jury. So far as the record shows the only evidence offered on either side was the following written instrument which had been executed by the plaintiff:

"For the sole consideration of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00), receipt of which is hereby acknowledged, the undersigned covenants that he will not commence or prosecute any action or suit against the Norfolk and Western Railway Company or any of its officers or employees for damages or expenses on account of personal injuries or loss or damage to property growing directly or indirectly out of a crossing collision which occurred on or about August 16, 1947, at or near Wellville, Virginia, and will refrain from commencing or prosecuting any *acting* or suit against said Norfolk and Western Railway Company or any action or suit against said Norfolk and Western Rail-

way Company or any of its officers or employees on account thereof.

"It is expressly understood that this instrument is merely a covenant not to sue and not a release. The undersigned expressly reserves the right to an action or actions, suit or suits against Hudson Supply & Equipment Co., its officers and employees, and the personal representative of Natus Morgan, deceased, for damages or expenses growing directly or indirectly out of said crossing collision.

"Witness my hand and seal this 1st day of July, 1948. Witnesses:

"Raymond P. Shortt (Seal)"

Upon consideration of these matters the trial court held, in a brief written opinion, that the instrument which the plaintiff had signed, sealed and delivered to the Norfolk and Western Railway Company, in consideration of the payment by it to him of the sum of $3,500, was, in effect, a release by him of the Railway Company as a joint tort-feasor, and that it had the effect of barring or discharging the plaintiff's claims against the defendants, Hudson Supply and Equipment Company and Morgan's administrator. Accordingly, it entered an order sustaining the sufficiency of the plea and giving judgment thereon in favor of the defendants. To review that judgment the present writ has been allowed. For convenience we shall refer to the parties according to the positions which they occupied in the lower court.

The plaintiff first argues that the principle invoked by the trial court is inapplicable, because, he says, there is no showing in the present record that the Norfolk and Western Railway Company and the owner and operator of the tractor and trailer were joint tort-feasors, or, indeed, that the Railway Company was guilty of any wrongdoing in causing his (the plaintiff's) injuries.

While the record now before us does not disclose the nature of the plaintiff's claim against the Railway Company, it does show that his present suit and the settlement

which he made with that company arose out of the same collision. Having settled with the Railway Company, he is estopped to deny that he had no claim against it. *Harris* v. *Roanoke*, 179 Va. 1, 5, 6, 18 S. E. (2d) 303, 305; Cooley on Torts, 4th Ed., Vol. 1, sec. 83, pp. 264, 265; 1 Am. Jur., Accord and Satisfaction, sec. 73, pp. 257, 258.

Moreover, since the plaintiff had but a single claim,—an indivisible cause of action for damages for his personal injuries arising out of the collision,—in determining whether he has received satisfaction therefor and has released one of those responsible for the damage, it is immaterial whether those guilty of the wrongdoing were, strictly speaking, joint tort-feasors. Restatement of the Law, Torts, Vol. 4, sec. 885, p. 462; Williston on Contracts, Rev. Ed., Vol. 2, sec. 338A, p. 998.

By the great weight of authority a covenant not to sue one joint tort-feasor, as distinguished from a release, does not operate to discharge the covenantor's claim against other joint tort-feasors. Restatement of the Law, Torts, Vol. 4, sec. 885, pp. 460-462; Williston on Contracts, Rev. Ed., Vol. 2, sec. 338A, p. 994 *ff*; 45 Am. Jur., Release, sec. 4, pp. 676, 677. Some authorities base this distinction upon the principle that a release is an immediate relinquishment or discharge of the covenantor's right of action, whereas a covenant not to sue is merely a promise not to prosecute a suit against the covenantee, and is enforceable only by the latter. 45 Am. Jur., Release, sec. 4, 1949 Supp., p. 15.

Other writers criticize such a distinction as being artificial and technical. They say that a covenant not to sue one joint tort-feasor does not release others, because such result is not within the intent of the parties as evidenced by the instrument. Restatement of the Law, Torts, *supra;* Williston on Contracts, *supra.*

Those who follow the latter reasoning go farther and hold that a release of one of several tort-feasors, with an express reservation of rights against the others, does not operate as a discharge of the releasor's claims against all of such wrong-

doers, because such a result is contrary to the intent of the instrument. Consequently, these authorities say, such a qualified release operates merely as a covenant not to sue the person released. See Williston on Contracts, Rev. Ed., Vol. 2, sec. 338A, p. 995; 45 Am. Jur., Release, sec. 37, p. 702.

In Virginia, we have adhered to the strict common-law view of the effect of an accord and satisfaction with, and the release of, one joint tort-feasor as affecting the rights and liabilities of others liable for the same injury.

In the early case of *Ruble* v. *Turner*, 2 Hen. & M. (12 Va.) 38, we held that a release of, or an accord and satisfaction with, one of several persons guilty of a joint assault and battery, is a bar to an action as to all of them, notwithstanding a proviso in the instrument evidencing the settlement that it shall not so operate in favor of the other trespassers.

There the instrument under consideration was a written memorial of the settlement, not under seal, between the injured party and one of the several wrongdoers. In the writing the injured person acknowledged receipt of the payment by one of the wrongdoers of certain "expenses" and agreed that it should be in "satisfaction" for the "part" which that particular wrongdoer had had in the assault. The instrument contained a proviso that "this shall not be considered as any satisfaction in favour of" the other persons who participated in the assault.

Speaking for the court, Judge Tucker said: " * * * So an accord, without satisfaction, which is analogous to the consideration in a deed, would be merely void; but, when satisfaction is made, like a valuable consideration in a deed, it gives effect to the instrument; and (by analogy to a release) satisfaction (which implies full reparation for the injury sustained) being received from one of the joint trespassers, shall discharge the whole." (12 Va., at page 43.)

As to the proviso, Judge Roane said: " * * * I consider that the proviso in this case is void, as being contrary to the

policy of the law and the nature of the transaction." (12 Va., at page 46.)

Although this case has been criticized in other jurisdictions, the principles there enunciated have been approved by this court, time and time again. See Burks Pleading and Practice, 3d Ed., sec. 7, p. 6; *Bland v. Warwickshire Corp.,* 160 Va. 131, 168 S. E. 443; *McLaughlin v. Siegel,* 166 Va. 374, 185 S. E. 873; *First, etc., Nat. Bank v. Bank of Waverly,* 170 Va. 496, 197 S. E. 462, 116 A. L. R. 1156; *Harris v. Roanoke,* 179 Va. 1, 18 S. E. (2d) 303.

In *Bland v. Warwickshire Corp., supra,* we held that an absolute release, not under seal, executed by one joint tort-feasor, which contained a reservation of the rights of the injured party against other joint tort-feasors, operated as a release of all.

In *First, etc., Nat. Bank v. Bank of Waverly, supra* (170 Va., at page 503, 197 S. E., at page 465), we pointed out that where two are jointly and severally liable in tort for an injury caused by their negligence or misconduct, the satisfaction of the injured party's single cause of action by one discharges the other, since the transaction "is similar in its operation to an accord and satisfaction. This is true, even though the parties did not intend to discharge the other joint wrongdoer."

The plea in the case before us sets up a complete accord and satisfaction of the plaintiff's claim. It alleges that he "did compromise his alleged claim in the notice of motion for judgment herein mentioned and in full satisfaction thereof did accept from the Norfolk and Western Railway Company" the sum of $3,500. The instrument which the plaintiff executed and delivered to the Railway Company supports the averments in the plea. It shows on its face that the plaintiff made a substantial settlement with one of the several wrongdoers, against which or whom he had a single and indivisible cause of action.

It is true that the writing executed by the plaintiff does not state in terms that he accepted the money paid by the

Railway Company in full satisfaction of his claim against it. But to interpret the circumstances as showing that this substantial sum was paid and accepted for anything less than a full satisfaction of the plaintiff's claim against the Railway Company would compel us to shut our eyes to the plain purpose of the settlement and the other actualities of the situation. Common sense and experience tell us that the plaintiff made an estimate of the sum which he was willing to accept from the Railway Company, and that this was paid and accepted with the intent that it was to be in satisfaction of his claim against it.

The case, then, comes directly within the holding in *Ruble* v. *Turner, supra.* The plaintiff, having effected an accord and satisfaction with one tort-feasor, his claim against the others responsible for his injuries was discharged, notwithstanding his attempted reservation of the right to sue the latter. The satisfaction of the claim by the wrongdoer, and not the form of the instrument executed by the plaintiff, extinguished the claim of the latter.

In Cooley on Torts, 4th Ed., Vol. 1, sec. 83, p. 263, in discussing the effect of a release or other settlement with one wrongdoer, the author says: "* * * where the bar accrues in favor of some of the wrongdoers by reason of what has been received from or done in respect to one or more others, * * * the bar arises not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction, or what in law is deemed the equivalent."

In *Haney* v. *Cheatham,* 8 Wash. (2d) 310, 111 P. (2d) 1003, it was held that a covenant not to sue one joint tort-feasor, given in consideration of a substantial payment, was in effect a release which discharged the claims of the injured person against other joint tort-feasors. What the court there said is peculiarly applicable to the situation now before us: "The rule is that even if the writing be appropriately drawn to make it a covenant not to sue, the court, nevertheless, must construe it in the light of the

facts and circumstances surrounding its execution, to ascertain whether it was in substance and effect given for a consideration which is reasonably compensatory." (111 P. (2d), at page 1008.) See also, *Bedwell* v. *De Bolt*, 221 Ind. 600, 50 N. E. (2d) 875.

The identical question here under consideration was before this court in the case of *Moore* v. *White* (Record No. 2066, writ of error denied without opinion, February 22, 1940, 175 Va. xxiii.) There a plaintiff who had been injured in an automobile collision accepted the sum of $3,750 from two claimed wrongdoers, to whom she delivered a writing acknowledging receipt of the payment, convenanting not to sue the payors, and reserving her rights against the other claimed tort-feasors. Later when the plaintiff sued the wrongdoers against whom she had reserved a right of action, a plea of accord and satisfaction was sustained and her suit was dismissed. We denied a writ of error, the effect of which was to affirm the judgment of the lower court.

In *Goldstein* v. *Gilbert*, 125 W. Va. 250, 23 S. E. (2d) 606, the highest court of West Virginia correctly interpreted our decision in *Moore* v. *White, supra,* as tantamount to a holding that the execution and delivery by the plaintiff of a covenant not to sue the joint tort-feasors, under the circumstances stated, barred her right of action against the other joint tort-feasors.

For these reasons we are of opinion that the judgment here under review should be affirmed. It is so ordered.

*Affirmed.*