274 F.2d 689
 Walter H. COOK, James Reid Parker and The First National
Bank & Trust Company of New Canaan, Executors of
the Estate of Helen E. Hokinson,
Deceased, Appellants,
v.
UNITED STATES of America, Appellee.
 No. 64, Docket 25689.
 United States Court of Appeals Second Circuit.
 Argued Nov. 10, 1959.
Decided Jan. 19, 1960.
 
 Morgan P. Ames, Stamford, Conn., and Robert T. Gilhuly, Fairfield, Conn., for appellants. Cummings & Lockwood, Stamford, Conn., of counsel.
 George Cochran Doub, Asst. Atty. Gen., Harry W. Hultgren, Jr., U.S. Atty., Hartford, Conn., Alan S. Rosenthal and Seth H. Dubin, Attys., Dept. of Justice, Washington, D.C., for appellee.
 Before LUMBARD, Chief Judge, and SWAN and MAGRUDER,* Circuit judges.
 SWAN, Circuit Judge.
 
 
 1
 This is an appeal by the executors of the estate of Helen E. Hokinson, who lost her life on November 1, 1949 when an Eastern Airlines plane in which she was a passenger was struck by a Bolivian military type plane, while both were attempting to land at the Washington National Airport in Virginia. The decedent's executors seasonably brought two actions for wrongful death in the District Court for Connecticut. The action now on appeal was brought against the United States under the Federal Tort Claims Act, 28 U.S.C.A. 1346(b), It alleged that negligence of Government employees in the control tower at the Airport was a contributing cause of the accident. In this action the executors were awarded damages of $15,000, the maximum amount permitted by the applicable Virginia Wrongful Death Act (1950 Code of Virginia 8-633 et seq.). They have appealed because the court refused to itemize the damages to show what, if anything, was allowed for pecuniary loss, for consortium and for solatium, respectively.
 
 
 2
 The companion action was brought against Eastern Airlines and the Bolivian pilot. The complaint charged that negligence of both pilots was a contributing cause of the accident. In that action, tried to a jury, the executors obtained judgment against Eastern Airlines for $37,820, under the Wrongful Death Act of the District of Columbia, D.C.Code 1951, 16-1201 et seq. Subsequently they obtained payment of that judgment, reserving their rights against the United States.[1]
 
 
 3
 Trial of the two Connecticut actions was postponed to await determination of the issue of liability in so-called 'Miller test cases' brought in the District of Columbia by the personal representatives of other passengers who were killed in the same accident.[2] The result of the Miller cases established liability of the United States under the Virginia statute because the negligence of the Government employees occurred in that state, and liability of Eastern Airlines under the District of Columbia statute, because the negligence of Eastern's pilot occurred there. Pursuant to stipulation by the parties to the Connecticut litigation this left nothing but damages to be determined in the Connecticut cases.[3] Under the District of Columbia statute damages are measured only by the pecuniary loss sustained by the decedent's next of kin and are unrestricted in amount. Under the Virginia statute, as construed by state decisions, damages may include not only pecuniary loss sustained by the statutory beneficiary (in the present case the decedent's mother) but also compensation for loss of society of the decedent and for mental anguish occasioned by the decedent's death.[4] However, the total award of damages is limited to $15,000.
 
 
 4
 The Connecticut cases were consolidated for trial, the action against Eastern Airlines to be heard by a jury and the action against the United States to be heard by the court, as required by 28 U.S.C.A. 2402. Testimony as to the mother's pecuniary loss was heard by court and jury. Additional evidence as to the mother's grief and loss of companionship was heard by the court alone. The judgment awarded plaintiffs by the court was for $15,000. The final paragraph of Judge Moore's memorandum of decision, dated January 7, 1959 and not officially reported, reads as follows:
 
 
 5
 'Decedent's mother is her closest next-of-kin. Considering all factors which under Virginia statutes and case law should enter into a determination of 'fair and reasonable compensation' it is obvious that this amount would substantially exceed the statutory limit of $15,000. Therefore, judgment is awarded in favor of plaintiffs and against the United States of America in the sum of $15,000.'
 
 
 6
 On January 21, 1959 Judge Moore denied plaintiffs' motion to open the judgment and for correction and clarification.[5]
 
 
 7
 The appellants claim that the court erred in refusing to itemize the amounts recoverable for the loss of decedent's care, attention and society (consortium) and for the pain and suffering occasioned by her death (solatium) 'when the result of such refusal is to preclude any recovery of those two elements of damage.' A majority of the court are of the opinion that no error was committed in this respect and that the judgment should be affirmed.
 
 
 8
 The appellants' contention that under the Virginia statute they are entitled to recover damages from the United States for the loss of society and solatium fails to give recognition to the $15,000 limitation on recovery for all elements of damage age to $15,000. In the absence of any authority to control our determination, we think the Virginia statute should be construed to foreclose appellants from recovering additional damages for loss of society and solatium when they have already recovered from a joint tort feasor an amount greater than that permitted under Virginia law. It does not matter that in determining the amount of the prior recovery the jury did not consider as elements of damage loss of society and solatium. There is nothing in the Virginia law to suggest that these elements must be considered when recovery already exceeds the statutory limit; a contrary interpretation would do violence to the plain meaning of the statute. What is significant is that the appellants have already recovered an amount greater than that which the Virginia legislature has decreed to be permissible in a wrongful death action. We conclude that under the controlling Virginia law the appellants may not recover any additional amount from the United States. It follows that it would be an empty gesture to require the district court to itemize the elements of damage, whether Virginia or federal law be deemed to control the obligation of the court to itemize damages.
 
 
 9
 Since we think the foregoing discussion sufficient to dispose of the appeal, it is unnecessary to consider the other contentions of the parties.
 
 
 10
 MAGRUDER, Circuit Judge (dissenting).
 
 
 11
 This is an altogether unusual case as to which I do not find any precedents to guide me. The common law rules applicable to joint tortfeasors developed in a situation where the law of a single jurisdiction imposed upon two or more persons a liability for a single indivisible injury. Of course in that situation the items of recoverable damage would be the same as to all the joint tortfeasors.
 
 
 12
 In the case of joint tortfeasors each liable for the same wrongful death, the interpretation usually placed by the courts upon the so-called death acts is that the death act of the jurisdiction wherein the tortious impact takes place is the applicable one, rather than the death act of the jurisdiction wherein a wrongful act is performed or the jurisdiction wherein the wrongful death actually occurs. See discussion in 35 Yale L.J. 395, 401-04 (1926). But in an international sense there is no doubt that the state in which a wrongful act occurred would have a recognized power to impose liability on the basis of a death resulting in another state from such wrongful act.
 
 
 13
 From the previously decided cases and from the stipulation of the parties filed in this case, we must take it that, in enacting the Federal Tort Claims Act, the Congress had in mind the exercise of that peculiar power. It was held by a majority of a panel of the Court of Appeals for the District of Columbia Circuit in Eastern Airlines, Inc. v. Union Trust Co., 1955, 95 U.S.App.D.C. 189, 221 F.2d 62, that the United States was liable for the negligence of government personnel in the control tower, but that, because this negligence occurred in the State of Virginia, the death act of Virginia applied, which limited the amount of recovery to $15,000. The Supreme Court denied certiorari, 1955, 350 U.S. 911, 76 S.Ct. 192, 100 L.Ed. 799. See also 1955, 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 796, and 1956, 350 U.S. 962, 76 S.Ct. 429, 100 L.Ed. 835, for action by the Supreme Court on a related case against Eastern Airlines, Inc.
 
 
 14
 For present purposes we must proceed on the assumption that the foregoing is the law of the case, though if suit had been brought in Virginia against a private employer of personnel in the control tower, I am sure that the Virginia courts would not have applied their own death act but would have applied the death act of the District of Columbia, where the fatal collision took place and in which there is no maximum statutory limit upon the amount of recovery.
 
 
 15
 Therefore we have the unusual situation where the United States is held liable pursuant to the death act of the State of Virginia, and Eastern Airlines, Inc., is liable pursuant to the death act of the District of Columbia, for the same wrongful act which occurred as a result of a fatal collision in the District of Columbia.
 
 
 16
 The ordinary common law rule was that; since there could be but one satisfaction for a single indivisible injury, a release of one joint tortfeasor imported a complete satisfaction of that liability so that, whatever might have been the intention of the parties to the release, its execution automatically released any other joint tortfeasors. And if judgment had been recovered against each of two joint tortfeasors liable for the same injury, the common law rule was that complete payment of one judgment automatically extinguished the liability of the other joint tortfeasor on the other judgment.
 
 
 17
 This ordinary common law rule has been subject to much criticism as often defeating the intention of the parties-- so much so that it is now provided in Restatement, Torts 885 (1939), that a release of one tortfeasor from liability discharges all the others liable for the same harm unless the parties to the release agree that the release shall not discharge the others.
 
 
 18
 But whatever justification there may be for the ordinary old common law rule, it seems to me wholly unjustified to apply it to the present peculiar situation and to hold that the payment in full of the judgment against Eastern Airlines automatically releases the United States from all liability under Virginia statute, even though the Virginia statute permits a limited compensation for some items of damage that are not recoverable at all under the District of Columbia Statute.
 
 
 19
 It must be remembered that the recovery of judgment against the United States is one thing, and the collection of that judgment is quite another. The United States has not paid one red cent on its determined liability.
 
 
 20
 I am willing to concede that the payment of the judgment against Eastern Airlines automatically extinguished the liability of the United States for any items of damage recoverable under both statutes. But I do not believe that there is a shred of authority sanctioning the result contended for by the government here that payment of the judgment against Eastern Airlines automatically extinguishes the whole liability of the United States.
 
 
 21
 So far as the statutory language is concerned, the Virginia Code of 1950, 8-636, provides that in an action for wrongful death the jury may award such damages 'as to it may seem fair and just,' up to a maximum of $15,000. It is well settled in Virginia that under this language the executor suing on behalf of next of kin (in the case at bar, the mother of one of the persons killed in the collision) is entitled to recover not merely pecuniary damages 'but also for loss of deceased's care, attention and society, as well as such sum as the jury may deem fair and just as solatium to the beneficiaries for their sorrow and mental anguish caused by the death.' Matthews v. Hicks, 1955, 197 Va. 112, 87 S.E.2d 629, 633. Admittedly these latter items of damages are not recoverable under the District of Columbia Death Act, which is limited to strictly pecuniary losses.
 
 
 22
 I know of no provision in the Virginia Death Act which would require the district court in a Federal Tort Claims Act suit to compute in full all the recoverable elements of damage, and then to 'scale down' each of the items so computed so as to keep the over-all recovery within the $15,000 limit. When the district judge was confronted with a jury verdict of $37,820 against Eastern Airlines, based solely upon the pecuniary losses caused to the next of kin under the District of Columbia Death Act, it seems to me that it would be 'fair and just,' within the meaning of the Virginia Code provision, for the district court to give judgment against the United States in the Federal Tort Claims Act case comprehending, first, a recovery of damages for those items of recovery that are not available under the District of Columbia statute; and only if these two extra items of losses were less than the maximum limit of $15,000 should the district judge give judgment against the United States for the balance by way of pecuniary losses, which naturally would overlap with the judgment against Eastern Airlines. In order to do that, the district judge must necessarily itemize the amounts of recovery which he is allowing against the United States.
 
 
 23
 I would vacate the judgment of the District Court and remand the case against the United States to that Court for further proceedings not inconsistent with this opinion.
 
 
 
 *
 Judge Calvert MAGRUDER of the First Circuit, sitting by designation
 
 
 [1]
 It may well be doubted whether the reservation is effective under Virginia law. See Shortt v. Hudson Supply, etc., Co., 191 Va. 306, 60 S.E.2d 900
 
 
 [2]
 See Union Trust Co. of District of Columbia v. United States, D.C.D.C., 113 F.Supp. 80, modified in part 95 U.S.App.D.C. 189, 221 F.2d 62, defendant's appeal affirmed, 350 U.S. 907, plaintiffs' appeal certiorari denied, 350 U.S. 911, 76 S.Ct. 192, 100 L.Ed. 799; Eastern Airlines, Inc. v. Union Trust Company, 95 U.S.App.D.C. 189, 221 F.2d 62, reversed 350 U.S. 907, 76 S.Ct. 192, 100 L.Ed. 796, remanded 350 U.S. 962, 76 S.Ct. 429, 100 L.Ed. 835, affirmed 99 U.S.App.D.C. 205, 239 F.2d 25, certiorari denied, 353 U.S. 942, 77 S.Ct. 816, 1 L.Ed.2d 760
 
 
 [3]
 The stipulation provides:
 '2. The final decision in the Miller cases on the (a) question of liability of the various defendants named in the Miller cases, and (b) the question as to whether the Wrongful Death Statute of the District of Columbia or the Commonwealth of Virginia is applicable, shall be conclusive and binding on these issues upon all of the parties to this stipulation in each of the cases captioned above;'
 
 
 [4]
 Matthews v. Hicks, 197 Va. 112, 87 S.E.2d 629 and cases there cited
 
 
 [5]
 His memorandum of decision reads:
 'Motion to open judgment and for correction and clarification denied.
 'Although the law of Virginia permits the consideration of grief, mental anguish and loss of companionship, as well as pecuniary loss to the next of kin, I find nothing in the law that permits or requires a breakdown of the damages into these separate categories. As stated in the original opinion, the damages based upon these various elements would exceed the maximum award permitted by Virginia law. There is no proper basis for selecting one or two elements and holding that the judgment is restricted to, or founded upon, them in any given proportion.'
 In a subsequent memorandum, dated May 26, 1959, denying plaintiffs' request for findings of fact and conclusions of law, Judge Moore stated: 'I find nothing in the law of Virginia or the law generally which would warrant a ruling that pecuniary loss should be excluded from the Virginia judgment or that separate items of damage should be determined in each catehory and then scaled down proportionately to $15,000.'