Marian E. BARTCH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7426.

United States Court of Appeals
Tenth Circuit.

April 20, 1964.

Philip A. Rouse, Denver, Colo., for appellant.

Joseph F. Dolan, Asst. Deputy Atty. Gen. (John W. Douglas, Asst. Atty. Gen., Lawrence M. Henry, U. S. Atty., and Sherman L. Cohn and Barbara W. Deutsch, Washington, D. C., were on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

LEWIS, Circuit Judge.

The question here presented is whether the Colorado statutory limitation upon gross recovery for wrongful death is applicable in an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674. The United States District Court for the District of Colorado concluded that applicable state law precluded any recovery in excess of $25,000 and entered judgment accordingly. This appeal tests only that conclusion.

Plaintiff-appellant is the widow of Victor E. Bartch who was killed while working at a missile site at Lowry Air Force Base, Colorado. Decedent was crushed in a heavy revolving door having a safety latch which had been taped open through the negligence of the United States. From such premise the trial court determined the United States to be liable, found compensatory damages to be $122,894, but limited recovery to the sum of $25,000 because of Colorado Revised Statutes (1953) § 41-1-3, as amended, which provides:

"Limitation on damages.—(1) All damages accruing under section 41-1-2 [Wrongful Death Act] shall be sued for and recovered by the same parties and in the same manner as provided in section 41-1-1 [Death by Locomotive], and in every such action *the jury* may give such damages as they may deem fair and just, not exceeding twenty-five thousand dollars, with reference to the necessary injury resulting from such death * * *." (Emphasis added.)

Appellant's claim of error springs entirely from the use of the words "the jury" in the Colorado statute and the

fact that actions for wrongful death are tried by the court alone under the Tort Claims Act. The Colorado statute, so says appellant, is a limitation upon jury awards and hence inapplicable to the federal law of trial to the court. Such argument has initial appeal but upon consideration can remain tenable only if the statutory limitation is not applicable under state law to trials in the state court when tried to the court alone or unless Congress intended that a different measure of recovery should be allowed claimants under the federal act than under Colorado law. Although the case seems, somewhat surprisingly, to be one of first impression we can find little comfort for appellant's position in either the law of Colorado or in cases interpreting the Federal Tort Claims Act and do find considerable support for the trial court's conclusion.

■ Since 1877 the statutory law of Colorado has continuously contained a limitation upon the gross amount that "the jury" may award for wrongful death. Even so, we have been referred to no instance where a larger amount has ever been allowed when such an action has been tried to the court. Such tacit acknowledgement by the bench and bar of Colorado that the statutory limitation is equally applicable to actions tried to court or jury would suffice to negative appellant's present contention that the limitation is upon jury awards alone. But, in addition, expressions by the Supreme Court of Colorado have clearly indicated that the limitation upon recovery extends to all actions. For example, in Parker v. Plympton, 85 Colo. 87, 273 P. 1030, the trial court awarded damages of $5,000 (the then statutory limit) although deceased was only 40 years of age when killed and had been earning $90 per month. In affirming this award the Colorado Supreme Court said:

"It does not require the calculation of a jury to determine how long $90

per month for a wife and three small children would last, if the full amount had been brought home. Under the table in section 6537, C.L. 1921, deceased had an expectation of 28.18 years more of life. We think that the statutory limitation of $5,000 was not too much. The evidence of plaintiff's damage was ample, and, being uncontradicted, it became a matter of law for the court." 273 P. 1032.

■■ Since this court will accept the federal trial judge's interpretation of state law unless convinced that such interpretation is clearly erroneous, F. & S. Constr. Co. v. Berube, 10 Cir., 322 F.2d 782; Criqui v. Blaw-Knox Corp., 10 Cir., 318 F.2d 811; Mitton v. Granite State Fire Ins. Co., 10 Cir., 196 F.2d 988, we are satisfied that the words "the jury" as contained in Colo.Rev.Stat. § 41–1–3 should not be read as excluding the court in non jury cases. This court reached a similar conclusion under an identically worded Missouri statute, RSMo 1939 § 3654, in Richards v. United States, 10 Cir., 285 F.2d 521, aff'd 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492. We there held that payment or tender of the Missouri statutory maximum amount recoverable as a jury award for wrongful death constituted a bar to a Tort Claims Act action filed in Oklahoma but governed by the law of Missouri.

■ The Supreme Court's affirmance in Richards also negatives appellant's contention that state statutory limitations are not generally applicable to Federal Tort Claims cases. Said the high court in Richards:

"Missouri's statute controls the case at bar. It is conceded that each petitioner has received $15,000, the maximum amount recoverable under the Missouri Act, and the petitioners thus have received full compensation for their claims." 369 U.S. 16, 82 S.Ct. 595, 7 L.Ed.2d 492.[1]

---

1. See also Cook v. United States, 2 Cir., 274 F.2d 689, and United States v. Union Trust Co., 95 U.S.App.D.C. 189, 221 F.2d 62, cert. denied, 350 U.S. 911,

76 S.Ct. 192, 100 L.Ed. 799, wherein the Virginia maximum recovery provision was given similar application.

Massachusetts Bonding & Ins. Co. v. United States, 352 U.S. 128, 77 S.Ct. 186, 1 L.Ed.2d 189, is not contrary. There the Massachusetts maximum recovery statute was held not to be a limitation applicable to the Federal Tort Claims Act because the Massachusetts wrongful death act provided for damages only punitive in nature and thus constituted a specific exception under the federal act.[2] The basic Colorado law provides for compensatory damages, Herbertson v. Russell, 371 P.2d 422 (Colo.), and thus does not fall within the exception.

The judgment is affirmed.

2. 28 U.S.C.A. § 2674. "The United States shall be liable * * * in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

"If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof."