Darrell Dewayne STATZER, Plaintiff,

v.

KING KUTTER CORP. et al.,
Defendants.

Civ. A. No. 81–0247–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Oct. 28, 1982.

S. Strother Smith, III, Abingdon, Va., for plaintiff.

Larry B. Kirksey, Bristol, Va., William M. Moffett, Abingdon, Va., for defendants.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

This case is before the court upon the defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff, Darrell Dewayne Statzer, is a resident of Mendota, Virginia. The defendant King Kutter Corporation is an Alabama corporation with its corporate headquarters in that state and the defendant Lady & Son Equipment Company is a Tennessee corporation with its corporate headquarters in Tennessee. The amount in controversy is in excess of $10,-000, therefore, this court has jurisdiction under 28 U.S.C. § 1332. The defendant submitted a brief in support of this motion for summary judgment and on July 30, 1982, the court granted the plaintiff an extension of time until August 30, 1982 to file its opposing brief. The plaintiff's time to file such opposing brief having now expired, the court is prepared to render its decision.

The facts in this case are simple and undisputed. On or about August 24, 1979, the plaintiff's brother Gerald Wayne Statzer, Jr., was operating a tractor which was connected to a "bush hog." The "bush hog" is a piece of equipment with rotary blades which rotate at a high rate of speed, close to the ground, and was designed to cut heavy grass, weeds and small trees. The "bush hog" was manufactured by King Kutter and retailed by Lady & Son Equipment Company. The plaintiff alleges that he was standing approximately 125 feet away from the "bush hog" which was being operated by Gerald Wayne Statzer and was struck in the head by a rock propelled by the equipment. The plaintiff alleges that defendants are legally liable to him under tort and breach of warranty theories for failing to equip this rotary mower with a chain guard.

On March 23, 1981, plaintiff filed an action in the Circuit Court of Washington County, Virginia, styled *Darrell Dewayne Statzer v. Gerald Wayne Statzer, Jr.* alleging that the defendant in that action negligently operated the rotary mower in question and caused it to strike the rock which was propelled through the air and which struck the plaintiff's person. The plaintiff filed the present action on August 11, 1981.

On February 8, 1982, the plaintiff, in consideration of the sum of $15,000.00 paid to him by Farmers Mutual Fire Insurance Company of Washington County, Virginia, liability insurer for Gerald Wayne Statzer, Jr., released and forever discharged Gerald Wayne Statzer, Jr., defendant in the action in the Circuit Court of Washington County, Virginia, from any and all claims arising out of the accident that was the subject matter of both that action and this action. The defendants have moved the court for summary judgment claiming that the settlement and dismissal of the suit by the plaintiff against Gerald Wayne Statzer, Jr. operated as a release of the plaintiff's right of action against tort-feasors King Kutter and Lady & Son Equipment Company.

The question presented by this motion for summary judgment is whether the release that the plaintiff entered into with Gerald Wayne Statzer, Jr. on February 8, 1982, operated as a release against the defendant joint tort-feasors.

Until July 1, 1979, Virginia consistently followed the strict common law rule that the release of one tort-feasor operated as the release of all joint tort-feasors. *Wright v. Orlowski,* 218 Va. 115, 235 S.E.2d 349 (1977); *Shortt v. Hudson Supply and Equipment Co.,* 191 Va. 306, 60 S.E.2d 900 (1950); *First & Merchants National Bank of Richmond v. Bank of Waverly,* 170 Va. 496, 197 S.E. 462 (1938). However, on July 1, 1979, Virginia Code § 8.01–35.1[1] went into ef-

1. Va.Code § 8.01–35.1 (in effect July 1, 1979 to July 1, 1980):

   A. When a covenant not to sue is given in good faith to one or two or more persons liable in tort for the same injury or the same wrongful death:

   1. It shall not discharge any of the other tort feasors from liability for the injury or wrongful

fect. This statute provided, in part, that when a covenant not to sue was given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, it would not discharge any of the other joint tort-feasors unless its terms specifically provided for the release of that joint tort-feasor. On July 1, 1980, an amended version of Virginia Code § 8.01–35.1[2] became effective. The amended version of § 8.01–35.1 is very similar to the original version except the amended version provides that covenants not to sue and releases can be entered into by one of two or more persons liable in tort for the same injury or wrongful death without necessarily discharging the remaining tort-feasors. The statute was amended once again in 1982 (effective April 1, 1982).[3] The 1982 amendment states that the statute applies to all covenants not to sue executed on or after July 1, 1979, and to all releases executed on or after July 1, 1980 regardless of the date that the cause of action affected accrued.

In the present case, the plaintiff's cause of action arose on the date of the accident, August 24, 1979. On that date, the first version of § 8.01–35.1 was in effect. This version affected covenants not to sue; it did not affect releases. *See Perdue v. Sears, Roebuck & Co.*, 523 F.Supp. 203 (W.D.Va.1981). The plaintiff entered the release on February 8, 1982. At that time, the statute had been amended (effective July 7, 1981) to include releases. The issue

death unless its terms so provide, but it shall reduce the claim against the others to the extent of any amount stipulated by the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

2. It shall discharge the tort feasor to whom it is given from all liability for contribution to any other tort feasor.

B. A tort feasor who enters into a settlement with a claimant is not entitled to recover contributions from another tort feasor whose liability for the injury or wrongful death is not extinguished by the settlement, nor in respect to any amount paid in a settlement which is in excess of what was reasonable.

2. Va.Code § 8.01–35.1 (effective July 1, 1980):

A. When a release or a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury, or the same property damage or the same wrongful death:

1. It shall not discharge any of the other tort feasors from liability for the injury, property damage or wrongful death unless its terms so provide; but any amount recovered against the other tort feasors or any one of them shall be reduced by an amount stipulated by the covenant, or in the amount of the consideration paid for it, whichever is the greater, and

2. It shall discharge the tort feasor to whom it is given from all liability for contribution to any other tort feasor.

B. A tort feasor who enters into a release or covenant not to sue with a claimant is not entitled to recover by way of contribution from another tort feasor whose liability for the injury, property damage or wrongful death is not extinguished by the release or covenant not to sue, nor in respect to any amount paid by the tort feasor which is in excess of what was reasonable.

3. Va.Code § 8.01–35.1 (effective April 1, 1982):

A. When a release or a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury, or the same property damage or the same wrongful death:

1. It shall not discharge any of the other tort feasors from liability for the injury, property damage or wrongful death unless its terms so provide; but any amount recovered against the other tort feasors or any one of them shall be reduced by any amount stipulated by the covenant, or in the amount of the consideration paid for it, whichever is the greater. A release or covenant not to sue given pursuant to this section shall not be admitted into evidence in the trial of the matter but shall be considered by the court in determining the amount for which judgment shall be entered; and

2. It shall discharge the tort feasor to whom it is given from all liability for contribution to any other tort feasor.

B. A tort feasor who enters into a release or covenant not to sue with a claimant is not entitled to recover by way of contribution from another tort feasor whose liability for the injury, property damage or wrongful death is not extinguished by the release or covenant not to sue, nor in respect to any amount paid by the tort feasor which is in excess of what was reasonable.

C. A release or covenant not to sue given pursuant to this section shall be subject to the provisions of §§ 8.01–55 and 8.01–424.

D. This section shall apply to all such covenants not to sue executed on or after July 1, 1979, and to all releases executed on or after July 1, 1980, regardless of the date the causes of action affected thereby accrued.

now becomes whether this case is governed by the first version of § 8.01–35.1 or the 1981 amended statute.

The defendants argue that the court should look to the date that the cause of action arose in order to determine which statute is applicable. The defendants reason that the accident occurred when the first version of the statute was in effect and that since the first version did not apply to releases, the common law rule applies; the release of one joint tort feasor releases all joint tort feasors. Thus, the defendants have been released from liability. The defendants cite Judge Michael's opinion in *Perdue v. Sears, Roebuck & Co., supra,* in support of this argument. Judge Michael's opinion does not support the defendants' argument; however, the opinion is enlightening on this issue.

In *Perdue,* the court held that the first version of § 8.01–35.1 affected only covenants not to sue (not releases) entered into during its effective period. The court therefore necessarily looked to the date that the release was signed rather than the date that the cause of action arose in order to determine the applicable statute.

The defendants also note that the Virginia legislature amended § 8.01–35.1 in 1982 to provide that the statute applies to all releases entered into after July 1, 1980 regardless of the date the cause of action arose. The defendants argue that through this amendment the Virginia legislature sought to make a previously prospective statute retroactive. However, this court finds that the 1982 amendment is a clarification of the July 1, 1980 version of § 8.01–35.1. There is no issue of whether the statute is retroactive or proactive. Each version of the statute applies to covenants not to sue and/or releases signed during the effective dates of the statutes. The court must look to the date of the release rather than the date that the cause of action arose in order to determine the applicable statute. *See Perdue v. Sears, Roebuck & Co., supra.*

The plaintiff signed the release on February 8, 1982 during which time the July 1,

1981 amended version of § 8.01–35.1 was in effect. The July 1, 1981 statute states that the release of one joint tort feasor does not discharge all joint tort feasors unless the release specifically so provides. Therefore the defendants King Kutter Corporation and Lady & Son Equipment Company are not released from potential liability by virtue of the release the plaintiff entered into with Gerald Wayne Statzer.

For the reasons stated above, this court will enter an appropriate order denying the defendants' motion for summary judgment.