**Charles L. PERDUE, Jr., Appellant,**

v.

**SEARS, ROEBUCK AND COMPANY,**
**Appellee.**

No. 81–2035.

United States Court of Appeals,
Fourth Circuit.

Argued March 30, 1982.
Decided Nov. 29, 1982.

F. Guthrie Gordon, III, Charlottesville, Va. (Lowe, Gordon, Jacobs & Snook, Charlottesville, Va., on brief), for appellant.

James C. Shannon, Richmond, Va. (May, Miller & Parsons, Richmond, Va., Law Offices of John M. Kenney, Lake Success, N.Y., on brief), for appellee.

Before WIDENER and SPROUSE, Circuit Judges, and KISER,* District Judge.

WIDENER, Circuit Judge:

Plaintiff, as administrator for the estate of his son, Kevin Barry Perdue, brought this diversity action in the district court alleging that the Sears tires on the Cherry vehicle at the time of the accident in question contributed to his decedent's death. The district court granted summary judgment for the defendant on the basis of a release given by the plaintiff to the defendant's alleged joint tortfeasor. *Perdue v.*

Sears, Roebuck & Co., 523 F.Supp. 203 (W.D.Va.1981). Plaintiff appealed, asserting that the district court misinterpreted the applicable Virginia statute. We affirm.

The facts in this case are not in dispute. Kevin Perdue was killed on December 3, 1979 while riding as a passenger in a vehicle driven by Terrence Cherry. A suit by plaintiff against Cherry, in the Circuit Court of Albemarle County, ended in a settlement. As a part of plaintiff's petition to the court to settle the case, which settlement was approved by the court June 25, 1980, plaintiff stated that "the defendant [Cherry] is to be forever released and discharged." Plaintiff subsequently instituted this action against Sears, alleging that the Sears tires on Cherry's car contributed to the accident.

Defendant moved for summary judgment, arguing that the release of Cherry from further liability also released Sears under the Virginia common law doctrine that release of one joint tortfeasor releases all joint tortfeasors. The plaintiff countered that this doctrine was abrogated by a then applicable Virginia statute which provided, "When a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death," this does not discharge other joint tortfeasors. Va.Code § 8.01–35.1 (in effect July 1, 1979 through June 30, 1980). Plaintiff argued that the term covenant not to sue was generic and included discharges which were labeled as releases. The district court disagreed, noting that the statute was unambiguous as written. Furthermore, the Virginia General Assembly had amended the statute, effective July 1, 1980, to specifically cover "a release or a covenant not to sue" rather than merely "a covenant not to sue." The district court concluded that the statutory change was neither a clarification of the legislature's previous intent nor a needless addition of a synonym. Rather, the district court reasoned, the 1980 amendment represented an increase in the scope of the earlier statute.

* United States District Court for the Western District of Virginia, sitting by designation.

On appeal, plaintiff has repeated his argument that the term covenant not to sue is generic and includes releases. He claims that a contrary interpretation would be against the intent of the General Assembly, although he has provided no evidence of legislative intent other than passage of the 1980 amendment. The Virginia Supreme Court has not ruled on the meaning of Va.Code § 8.01–35.1 in effect on June 25, 1980, the day the release was given to Cherry.

We believe that the district court made a reasonable interpretation of Virginia law, and we could affirm on the basis of its opinion alone. Any doubt, however, as to the correctness of the district court's decision was removed when the latest session of the Virginia General Assembly further amended Va.Code § 8.01–35.1 by adding:

> D. This section shall apply to all such covenants not to sue executed on or after July 1, 1979, and to all such releases executed on or after July 1, 1980, regardless of the date the causes of action affected thereby accrued.

1982 Va. Acts c. 196. The interpretation of § 8.01–35.1 urged by the appellant would render this statute meaningless because it would require our holding that releases and covenants not to sue are the same. While § 8.01–35.1(D) did not take effect until April 1, 1982 and thus arguably may not be directly applicable to the instant case, we think it clearly indicates what our decision should be by its distinction between a release and a covenant not to sue, and is

undeniable proof that the General Assembly has preserved the two distinct forms.[1]

Accordingly, the judgment of the district court is

AFFIRMED.

---

1. The Virginia General Assembly's distinction in Va.Code § 8.01–35.1(D) between covenants not to sue and releases is consistent with a long recognized distinction in Virginia common law. It was long the law of Virginia that a release of one joint tortfeasor amounted to a release of all joint tortfeasors. *Wright v. Orlowski,* 218 Va. 115, 120, 235 S.E.2d 349, 352 (1977); *Ruble v. Turner,* 12 Va. (2 Hen. & M.) 38 (1808). On the other hand, a covenant not to sue one joint tortfeasor did not necessarily prevent actions against fellow tortfeasors. See *Lackey v. Brooks,* 204 Va. 428, 432, 132 S.E.2d 461, 464–65 (1963); *Shortt v. Hudson Supply & Equipment Co.,* 191 Va. 306, 310, 60 S.E.2d 900, 903 (1950); 16 *Michie's Jurisprudence,* Release § 3 (1979). This distinction does not depend altogether on the form of the instrument, however,

because on at least two occasions the Virginia Supreme Court held that documents labeled as covenants not to sue one of several joint tortfeasors barred actions against other joint tortfeasors because the agreements and the instruments memorializing them were found to be accords and satisfaction. *Wright,* 218 Va. at 120–21; 235 S.E.2d at 354; *Shortt,* 191 Va. at 313–14; 60 S.E.2d at 904. Nevertheless, the distinction between covenants not to sue and releases remains viable in cases such as *Lackey,* supra, where the Court held that a covenant not to sue the master (lessee) in a lease agreement did not bar the lessor from suing the servant under a similar rule to that pertaining to the release of all joint tortfeasors by the release of one. 204 Va. at 432; 132 S.E.2d at 464–65.