## CIRCUIT COURT OF CRAIG COUNTY

Roberta L. Hypes

v.

David S. Sheplak

October 14, 1985

By JUDGE DUNCAN M. BYRD, JR.

The issue presented in this motion is whether or not the provisions of Code of Virginia, 1950, as amended, Section 8.01-35.1(A)(1) apply to reduce the jury verdict by $35,000.00 as a result of a previous settlement pursuant to Code of Virginia, 1950, as amended, Section 8.01-424 approved by Order of the Circuit Court of the City of Roanoke March 14, 1983. First and summarily, the Court will reject the Plaintiff's contention that the Defendant's Motion is untimely made.

In his initial Memorandum of Law, Defendant David Scott Sheplak accurately set forth the law, history, and public policy applicable to the principle that payment in consideration of a release must be credited to diminish the amount of damages recoverable against another liable for the same injury. This being based primarily upon the sound public policy of permitting a Plaintiff to receive only the amount of his adjudged damages and no more, regardless of the source of recovery.

The Plaintiff in her Memorandum of Law makes it equally clear that certain payments, including payments under the uninsured motorist provisions pursuant to Code of Virginia, 1950, as amended, Section 38.1-381(f) are exceptions to principles and policy set forth by Defendant Sheplak. The Restatement (Second) of Torts, Sec. 885(3), Comment F (1979). The Defendant Sheplak acknowledges this in his Reply Memorandum, page 2.

The crucial and more narrow issue perceived by the Court is whether or not the Plaintiff is bound by the language of the Court's decree of March 14, 1983, and/or

whether the Plaintiff should be entitled to show by extrinsic evidence that the payment in question was in fact a payment pursuant to the uninsured motorist endorsement. Certainly the Defendant is bound by the language of the Court's decree of March 14, 1983. Nevertheless, the Court is of the opinion that this is not dispositive of the issue. Judicial records can be clarified through the introduction of extrinsic evidence. If the record leaves in doubt what issues were involved in the action and settled by the judgment, parol or extrinsic evidence is admissible to eliminate the uncertainty. 30 Am. Jur. 2d *Evidence* Sec. 1041. The Court is of the opinion that such a doubt/uncertainty exists in this case and that extrinsic evidence should be received. Quite frankly, I was of the impression that much if not all the "extrinsic" evidence relied upon by the Plaintiff in her Memorandum of Law was tendered and filed as part of the record at the hearing held in Fincastle on June 28, 1985, however, a review of the file/record does not confirm. this. If the Court is in error or there is any dispute on this issue, then another hearing will be necessary to make this evidence a part of the record, absent a stipulation.

In making this decision the Court is not unmindful, nor has it ignored the "estoppel" argument based upon *Shortt v. Hudson Supply and Equipment Co.*, 191 Va. 306, 60 S.E.2d 900 (1950), and *Harris v. City of Roanoke*, 179 Va. 1, 18 S.E.2d 303 (1942).

The Court has considered this opinion carefully. For the same reasons that "certain payments including payments under the uninsured motorists provisions pursuant to Code of Virginia, 1950, as amended, Section 38.1-381(f) are exceptions to the principle and policy set forth by Defendant Sheplak," the Court would distinguish these cases and rule that the Plaintiff is not estopped to assert evidence of one of these well defined exceptions. The Court invites response on the issue of the state of the record with regard to the "extrinsic evidence."